■ JACK AMDUR et al., Respondents, v. MALCOLM MEYER et al., Defendants, and BESTWALL GYPSUM COMPANY, Appellant.— Order, entered on April 9, 1964, denying the corporate defendant's motion for an order pursuant to section 627 of the Business Corporation Law requiring the plaintiffs to pay the costs incurred by the corporation in defense of the stockholders' action, unanimously modified, on the law and in the exercise of discretion, only to the extent of remanding the matter to Special Term for a hearing with respect to the status of plaintiffs' stockholdings in the defendant corporation during the pendency of this action, with costs to defendant-appellant to abide the event. In the circumstances of this case the corporation may not recover costs pursuant to section 627 of the Business Corporation Law — no security for costs having been given. However, we conclude nonetheless, that a hearing should be held to determine whether the plaintiffs' stockholdings in the defendant corporation were disposed of to a point where their value fell below the statutory minimum of $50,000 and, if so, how and when. Upon the conclusion of such hearing the corporation may seek such relief, if any, other than pursuant to section 627 of the Business Corporation Law — appropriate to what the hearing may reveal. In passing, we note that section 627 may, in some circumstances, be inadequate to achieve its apparent purpose. While a corporate defendant may be able to ascertain at all times the status of the plaintiffs' stockholdings held in their names, such ascertainment is well-nigh impossible where, as in this case, stock is held in "street name." Perhaps a requirement that the plaintiffs give notice of any change in their stockholdings would suffice to obviate a possible circumvention of the statutory purpose. It may well be that legislative re-examination of this statute would be in order. Concur — Botein, P. J., Breitel, Rabin, Eager and Staley, JJ.

■ In the Matter of the Probate of the Will of PAUL PASQUIER, Deceased. — Motion for an order limiting the record on appeal denied. If this appeal is prosecuted utilizing the appendix method, rule V requires that the appellant shall subpœna the record from the clerk of the court from which the appeal is taken. Appellant is entitled to select those parts of the record under rule V (4) necessary to consider the questions involved. Concur — Breitel, J. P., Valente, Stevens, Eager and Bastow, JJ.