OPINION OF THE COURT
Leonard N. Cohen, J.
Plaintiff, a residential cooperative corporation, commenced this underlying action for a judgment declaring the legality of its board of directors resolution imposing a transfer fee, popularly called a flip tax, as a condition for the sale of defendant’s cooperative apartment shares and the assignment of his proprietary lease. The defendant, a former tenant and shareholder in the corporation, counterclaims for a refund of the flip tax he was compelled to pay in order to consummate his sale and lease assignment.
Plaintiff moves, herein, pursuant to CPLR 3212 on its complaint for summary judgment and dismissal of the defendant’s counterclaim. The defendant cross-moves for summary judgment on his counterclaim.
The issue presented by these pretrial motions is whether as a matter of law a residential cooperative board of directors has the unilateral authority to impose a transfer fee as a condition of a shareholder’s sale and lease assignment to a third party. The resolution of this issue turns on the interrelationship of the by-laws, the proprietary leases, *871 and the terms and conditions imposed by those documents, statutory duties and the reasonable exercise of good-faith business judgment on the part of the board of directors.
The use of such transfer fees in cooperative sales is a relatively recent and growing phenomenon in the nonsubsidized cooperative housing market of our city, particularly in view of the lack of regulation which permits conversion where there are insufficient reserve funds for necessary repairs and improvements compounded by the inflationary rise of such costs. It is undisputed that on August 10,1982 the plaintiff’s board of directors, unilaterally, adopted a resolution imposing a transfer fee of 2% on the gross selling price of a tenant’s stock shares in reliance on section 5 of article V of plaintiff’s by-laws. It appears that the board’s action was exercised in good faith and reasonably necessary in its business judgment to augment its inadequate reserve funds for building repairs, maintenance and improvements and to forestall increases in tenant cooperators’ maintenance costs and to avoid assessments. Undisputed also is that in October, 1982 the defendant protested the fee, claiming the lack of board authorization. Ultimately, however, defendant was compelled to pay a transfer fee of $6,300 in order to consummate a sale at the gross price of $315,000, of which defendant’s profit amounted to $45,000. Undisputed, finally, is that the board neither submitted this resolution to, nor obtained approval of, any of the tenant shareholders.
The plaintiff contends that the board’s action was proper and lawful within the broad powers conferred by its bylaws and consistent with its statutory rights and duties. The defendant contends the board lacked such authority under the by-laws and/or breached the proprietary lease agreement and therefore its action was unlawful.
Section 5 of article V of the corporate by-laws relevantly provides: “Fees on Assignment: The Board of Directors shall have authority before an assignment or sublet of a proprietary lease or reallocation of shares takes effect as against the Corporation, as lessor, to fix a reasonable fee to cover actual expenses and attorneys’ fees of the Corporation, a service fee of the Corporation and such other condi *872 tions as it may determine, in connection with each such proposed assignment.” (Emphasis added.)
Defendant argues that the words “such other conditions” should not be interpreted to include a fee and that plaintiff must limit “such other conditions” to nonmonetary conditions. However, this court finds no such restriction or limitation under any reasonable construction of this provision. If the intent of the by-law provision was.to be limited only to fees for actual expenses, such a condition could easily have been provided by the presence of words of limitation, which are not contained in the provision.
The court finds this by-law provision conferred upon the board broad discretionary authority relating to the sale and lease assignments by tenant corporations including, in its good-faith business judgment, the necessity to impose a reasonable transfer fee for repairs, improvements, and reserve fund purposes consistent with its fiduciary duties under statutory law. (Business Corporation Law, § 701; Cooperative Corporations Law, § 14, subd [g]; § 3, subds [c], [d].) Looking solely to the by-laws, under these circumstances, a court is generally precluded from interfering with the exercise of such good-faith business judgment in furtherance of the valid purpose of supervising the management of the building for the tenant’s beneficial interests. (Auerbach v Bennett, 47 NY2d 619; Smith v Baillie, 44 NYS2d 217, affd 266 App Div 950; Hanson v Ontario Milk Producers Coop., 58 Misc 2d 138; Garrison Apts. v Sabourin, 113 Misc 2d 674.)
However, the defendant contends that the board action violated paragraphs 16(iv) and 6 of the proprietary lease. Paragraph 16(iv) of the lease expressly provides certain monetary conditions for a sale and lease assignment which the board may fix, but is silent as to a transfer fee or flip tax. The pertinent provision states: “(iv) All sums due from the lessee shall have been paid to the Lessor, together with such a sum to be fixed by the Directors to cover reasonable, legal and other expenses of the Lessor and its managing agent in connection with such assignment and transfer of shares.”
Under paragraph 6 of the lease a method is provided for modification of the lease, requiring the consent of “lessees *873 owning at least 75% of the lessor’s shares * * * Approval of lessee * * * shall be evidenced by written consent or by affirmative vote taken at a meeting called for such purpose.”
Although it is well settled that the board of directors of a cooperative has the power to manage and operate the cooperative and adopt rules to carry out these general purposes (Garrison Apts. v Sabourin, 113 Misc 2d 674, supra) such authority is derived from the corporation’s articles of incorporation, by-laws and proprietary lease. The court must examine all these documents to determine whether a particular action is within the board of directors’ inherent power. (Zuckerman v 33072 Owners Corp., NYLJ, April 7,1983, p 11, col 1; Tisch v Park East Prop., Supreme Ct, NY County, index No. 22649/82.)
The plaintiff relies solely upon the specific by-law provision cited hereinabove. Although the by-laws permit board adoptions of conditions as it may determine upon the assignment of the lease and transfer of shares, the proprietary lease explicitly enumerates the instances in which a tenant cooperator is responsible for a fee upon sale and transfer, but is silent on a fee imposed solely for the privilege of transferring ownership. The board adoption of a transfer fee clearly amends and augments the obligations imposed upon a cooperator under the proprietary lease. Under these circumstances, the fee enactment is not merely a resolution under a broad by-law or statutory power already designated as an appropriate board function or resolution implementing a management function. Unlike Zuckerman v 33072 Owners Corp. (supra) where the proprietary lease specifically empowered the board to impose conditions on subletting, the lease in question herein gives the board no such general power in the context of coop sales.
The general power of the board to operate and manage the cooperative does not permit it, unilaterally, to amend a material contractual provision of the proprietary lease in the absence of compliance with the amendment provisions contained therein.
To the extent that Judge Saxe’s opinion in Berglund v 411 East 57th Corp. (122 Misc 2d 702) reaches a contrary *874 conclusion on similar facts, I am constrained to disagree with his reasoning.
It is undisputed herein that the board neither sought nor obtained shareholder approval of its resolution which the court finds clearly was a material modification of the proprietary contractual lessee rights. Nor did the original offering plan indicate board authority to impose a transfer fee upon sale.
Under the facts herein, I find that the board resolution clearly constituted a material alteration or modification of the basic rights of selling shareholders under their leases. Such a modification under the lease requires a vote or written consent of the lessees owning at least 75% of the total shares. This process was not followed by the board. The relationship of these parties is guided by the by-laws and proprietary lease. (Tisch v Park East Prop., supra.) Notwithstanding the board’s exercise of a good-faith, reasonable, business judgment to obtain increased income to meet necessary repairs and maintenance costs, its failure under the circumstances herein to obtain shareholder approval to an amendment to the lease as required under the lease was an unlawful infringement of the shareholders’ leasehold right.
As a matter of policy, the court notes that this board resolution significantly adversely affects the tenant’s cooperator’s investment, equity structure which is one of the motives for the purchase of cooperative apartments in the first instance. Courts cannot be oblivious to the realities and ramifications of cooperative housing transactions, which unlike the traditional landlord and tenant rental relationship, have tax consequences and are equity investments for the future as well as providing habitable permanent housing. These realities create legal issues which the New York State Attorney-General, in accepting offering plans, ought to clarify for disclosure purposes.
The plaintiff’s motion for summary judgment is denied. The defendant’s cross motion for the entry of judgment on the first counterclaim is granted. The defendant’s second counterclaim for conversion is dismissed for the failure to *875 allege facts which support a separate cause of action for conversion. Defendant’s prayer for attorney’s fees is denied.