OPINION OF THE COURT
Allan B. Weiss, J.
Plaintiff moves to amend the complaint to increase the amount of the damages demanded and for an order granting it summary judgment. Defendant cross-moves for summary judgment dismissing the complaint. The motion is denied and the cross motion is granted to the extent that the complaint is dismissed.
By resolution of its Board of Directors, the plaintiff cooperative corporation increased its parking charges from $50 to $75 for indoor garage spaces and from $35 to $52.50 for outdoor parking spaces. Plaintiff has demanded that the defendant, the holder of unsold shares, pay the increase. Defendant has refused to do so, contending that it is not subject to any parking charge increase because a provision in the offering plan exempts it from such increases.
Paragraph 2 of the second amendment to the offering plan of the cooperative states, in pertinent part: "The rental to be charged shall be determined by the Board of Directors. Upon *84 closing, garage rent of $50.00, and. outdoor parking rent of $35.00 per month will be paid by all shareholders, including holders of Unsold Shares * * * Holders of Unsold Shares * * * will pay no more than $50.00 per month for each garage space and $35.00 per month for each outdoor parking space”.
While the Board of Directors has the authority to fix parking rents and, by implication, increase the rents above the initial rates, the holders of unsold shares are specifically exempted from any increases above the initial levels of $50 for indoor garage and $35 for outdoor parking spaces.
The offering plan, subscription agreement and proprietary lease constitute contracts whose provisions, read together, determine the rights and obligations of the parties (Tompkins v Hale, 172 Misc 1071, affd 259 App Div 860, affd 284 NY 675). Although the proprietary lease empowers the Board of Directors to modify or determine the cash requirements of the cooperative, the document must be read in conjunction with the terms of the other contracts, including the offering plan.
Paragraph 2 of the second amendment to the offering plan exempts the holder of unsold shares from any increases in parking charges. This is a material term of this contract and one which the defendant, as the holder of unsold shares, is entitled to rely upon and enforce.
Plaintiff’s appeal to the business judgment rule, citing Matter of Levandusky v One Fifth Ave. Apt. Corp. (75 NY2d 530), is misplaced. This action does not involve the issue of interference with the business decisions of the Board of Directors. Breach of contract is not a choice that is within the Board’s business judgment to make, and the Board may only exercise its judgment where it is authorized to act in the first instance. The authority of the Board of Directors, in the present case, to increase garage fees is expressly limited and does not extend to holders of unsold shares. A more specific contract provision takes precedence over the more general (Muzak Corp. v Hotel Taft Corp., 1 NY2d 42), and plaintiff may not be heard to argue that the express provision exempting a specific class of shareholders from increases in specific charges should be ignored in favor of or subsumed into the general declaration in the bylaws that the Board has the discretionary power to operate and manage the building and determine the cash requirements of the cooperative corporation.
If the Board feels that the contract provision that sets a cap on the garage fees chargeable to holders of unsold shares is not in the best interest of the cooperative, the proprietary lease *85 provides a mechanism for amendment. Paragraph 6 of the proprietary lease provides that any amendment must be approved by a two-thirds vote of the shareholders; although any amendment adversely affecting the rights or obligations of holders of unsold shares must be approved by unanimous approval of all holders of unsold shares.
Only a shareholder resolution pursuant to paragraph 6 of the proprietary lease may effect a modification of this contract document. "The general power of the board to operate and manage the cooperative does not permit it, unilaterally, to amend a material contractual provision of the proprietary lease in the absence of compliance with the amendment provisions contained therein” (330 W. End Apt. Corp. v Kelly, 124 Misc 2d 870, 873, affd 108 AD2d 1107, mod on other grounds sub nom. Fe Bland v Two Trees Mgt. Co., 66 NY2d 556).
Plaintiff also argues that paragraph 2 of the second amendment to the offering plan is unenforceable because it constitutes a "sweetheart” lease between the cooperative and the sponsor that attempts to extend sponsor control over the Board of Directors indefinitely, in violation of 13 NYCRR 18.3 (v) (5) (iii). This argument is without merit.
In the first instance, defendant is not the sponsor of the cooperative. The original sponsor was Presidential Realty Corporation and Ivy Flushing Associates (collectively referred to herein as the sponsor). Defendant purchased the unsold shares of the cooperative from the sponsor.
Even if, arguendo, defendant were the sponsor, plaintiff cites no authority, and the court is unaware of any, for the proposition that a contract provision setting a cap on the level of garage rent to be charged to a certain class of shareholders amounts to sponsor control over the Board of Directors within the contemplation of 13 NYCRR 18.3 (v) (5) (iii).
The statute requires the offering plan to disclose how the affairs of the apartment corporation will be governed and the extent to which the sponsor will control the Board of Directors after the conversion. Pursuant to section 18.3 (v) (5) (iii), if the conversion plan is a noneviction plan, the sponsor may exercise veto power for no more than five years over board resolutions regarding expenses. The statute has nothing to do with contract provisions fixing parking space charges.
Plaintiff’s appeal to WHCS Real Estate Ltd. Partnership v 33 Greenwich Owners Corp. (168 Misc 2d 721) is also inapposite. That case deals with the Condominium and Cooperative *86 Conversion Protection and Abuse Relief Act of 1980 (15 USC § 3601 et seq.), which permits the shareholders to terminate certain long term self-dealing leases of condominium and cooperative facilities. The Act is limited to "[a]ny contract * * * which” "provides for operation, maintenance, or management of a condominium or cooperative association in a conversion project, or of property serving the condominium or cooperative unit owners in such project” (15 USC § 3607 [a] [1]). The Act has no application to holders of unsold shares of residential apartment units.
Finally, although the defendant’s cross motion for summary judgment is granted, that portion which seeks attorney’s fees is denied. Defendant is not entitled to the reciprocal recovery of attorney’s fees contemplated by the provisions of Real Property Law § 234. That statute is expressly limited in its application to residential tenants (see, 1 Rasch, New York Landlord and Tenant — Summary Proceedings § 12:6 [3d ed]). The defendant is not a residential tenant but an investor whose business is to purchase cooperative shares and rent out the apartments allocated to those shares for profit. In the absence of any direct contractual right to the recoupment of legal fees, none may be awarded.