■ JOHN B. STETSON COMPANY, Appellant, v JOH. A. BENCK-ISER GMBH et al., Respondents. [917 NYS2d 189]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered August 17, 2010, which granted defendants' motion to dismiss the complaint to the extent it alleges that defendants breached the parties' license agreement by failing to actively market or sell the licensed products in every country and jurisdiction in the world, unanimously affirmed, with costs.

In 1980, plaintiff and Pfizer, Inc., defendants' predecessor-in-interest, entered into a license agreement that imposed upon Pfizer, as licensee, the duty to "actively promote, advertise and sell [the licensed products] in each country or jurisdiction within

the Territory," which was comprised of the United States and Canada. In 1986, plaintiff and Pfizer executed an amendment to the license agreement, of which section 5, called "Redefinition of the Territory," provides that "the 'Territory' shall mean all countries and jurisdictions of the world, subject to Section 9 of this Amendment." Section 9 provides for the licensing of Stetson products in "Foreign Territories," which it defines as the whole world outside of the United States and Canada.

Plaintiff contends that the amendment expanded the territory in which defendants have a duty to actively promote and sell the licensed products to include all the countries of the world, and alleges that defendants breached this duty by failing to "actively promote, advertise and sell" the licensed products in any "Foreign Territory." We reject plaintiff's interpretation of the amendment as strained and contrary to the plain language of the amendment.

Section 9 authorizes defendants to engage in "Active Marketing" of the licensed products in any foreign territory in which they wish to secure exclusive rights to sell the products. It provides, inter alia, that, once advised of plaintiff's receipt of a third party's "Bona Fide Offer" to enter into a license agreement to sell the licensed products in a given foreign territory, defendants may choose to engage in active marketing in that territory, within a specified time period, to preclude plaintiff from granting a license to the third party for that territory— but they are not required to do so. Because the redefinition of territory to mean "all countries and jurisdictions of the world" was made subject to section 9, "Foreign Territories," we find that the duty to "actively promote, advertise and sell" applicable to the original territory, is superseded, with respect to foreign territories, by the more specific active marketing scheme set forth in section 9 (see Muzak Corp. v Hotel Taft Corp., 1 NY2d 42, 46 [1956]).

We reject plaintiff's contention that, rather than establishing a comprehensive regime governing the parties' rights and obligations in the foreign territories, section 9 provides a procedure by which plaintiff, after receiving a third party's bona fide offer to engage in active marketing in a foreign territory, can "claw back" licensing rights in that territory. Section 9 (c) contemplates that defendants may already be engaging in active marketing in a foreign territory when plaintiff receives a bona fide offer, thus refuting plaintiff's contention that section 9 is triggered by a bona fide offer. In addition, section 9 (d) requires defendants to provide 90 days' advance notice of their intention to engage in active marketing in a given foreign territory, which

would be unnecessary if section 9 applied only in the context of third-party bona fide offers. Concur—Tom, J.P., Sweeny, Acosta, Renwick and Manzanet-Daniels, JJ.