■ W2001Z/15 CPW Realty, LLC, Appellant, v Lexington Insurance Company et al., Respondents. [9 NYS3d 18]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered January 24, 2014, which granted defendants' motion for summary judgment dismissing the complaint, and denied plaintiff's cross motion for partial summary judgment striking defendants' second and fourth defenses, unanimously affirmed, with costs.

The court correctly found that the subject insurance policies were unambiguous and, hence, excluded extrinsic evidence (*see e.g. South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 278 [2005]; *Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 651 [1993]).

The delay-in-completion endorsement issued by defendant Arch Speciality Insurance Company covers soft costs "arising out of the . . . **DELAY**\* in completion of *the project described in the Declarations portion of this Policy*" (italics added). The project described in the declarations portion of the policy is the entire condominium complex of two connected buildings, not individual condominium units.

The delay-in-completion endorsement issued by defendant Lexington Insurance Company, which the other defendants (except Arch) adopted, covers "Delay in Completion Loss . . . incurred during the Delay." "Delay" is defined as "the period of time between the Scheduled Date of Completion . . . and the actual date on which commercial operations or use and occupancy commenced or could have commenced." It is true that the definition of "Delay" does not say, "the actual date on which commercial operations or use and occupancy *of the entire Insured Project* commenced or could have commenced." However, "[a]n omission . . . does not constitute an ambiguity" (*Reiss v Financial Performance Corp.*, 97 NY2d 195, 199 [2001] [internal quotation marks omitted]). As plaintiff itself contends, courts should consider the entire contract, not isolated words (*see e.g. South Rd. Assoc.*, 4 NY3d at 277). Lexington's delay-in-completion endorsement contains a period of indemnity and a waiting period Deductible. Both of those terms are defined with reference to the insured project, not individual condominium units.

The faulty workmanship exclusion is more specific than the protection-of-property provision which appears under "General Conditions." Hence, "the specific provision controls" (*Muzak Corp. v Hotel Taft Corp.*, 1 NY2d 42, 46 [1956]).

In opposition to defendants' summary judgment motion, plaintiff failed to identify any consequential damages, as such are defined by *Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.* (10 NY3d 187, 196 [2008]). Concur—Tom, J.P., Sweeny, Manzanet-Daniels, Clark and Kapnick, JJ.