■ VORNADO 40 E. 66TH STREET MEMBER LLC, Appellant, v KRIZIA SPA, Respondent. [23 NYS3d 571]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered April 10, 2014, which, to the extent appealed from as limited by the briefs, denied plaintiff's request for attorneys' fees, unanimously reversed, on the law, with costs, and the request granted in its entirety.

Plaintiff's request for attorneys' fees is governed by article 19 of the lease, not article 52. Article 19 applies if defendant tenant defaults in the observance or performance of any term of the lease, and the court's summary judgment order, from which defendant did not appeal, found that defendant had breached the lease.

According to the plain language of article 52, it applies to the costs of arbitration. The parties did not arbitrate; rather, they litigated. "[W]hen parties set down their agreement in a clear, complete document, their writing should . . . be enforced according to its terms" (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). This rule is especially important "in the context of real property transactions" (*Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004] [internal quotation marks omitted]).

Defendant relies on the rule that if there is "an inconsistency between a specific provision and a general provision of a contract . . . , the specific provision controls" (*Muzak Corp. v Hotel Taft Corp.*, 1 NY2d 42, 46 [1956]). However, as in *Muzak*, there is no inconsistency between the general and specific provisions. They simply apply to different situations. Concur— Mazzarelli, J.P., Acosta, Andrias and Richter, JJ.