NWM Capital, LLC v Scharfman (2019 NY Slip Op 00674)





NWM Capital, LLC v Scharfman


2019 NY Slip Op 00674


Decided on January 31, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2019

Richter, J.P., Manzanet-Daniels, Tom, Kahn, Singh, JJ.


652191/15 5044 8264B 8264A 8264

[*1] NWM Capital, LLC, Plaintiff-Appellant-Respondent,
v
Mark Scharfman, et al., Defendants-Respondents-Appellants.


Lester J. Tanner, New York, for appellant-respondent.
Emery Celli Brinckerhoff & Abady LLP, New York (Daniel J. Kornstein of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered September 14, 2017, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Order, same court and Justice, entered on or about January 25, 2018, which, to the extent appealable, denied plaintiff's motion to renew, unanimously affirmed, without costs. Order, same court and Justice, entered on or about January 25, 2018, which denied defendants' motion for attorneys' fees, unanimously affirmed. Appeal from order, same court and Justice, entered on or about August 2, 2017, which struck plaintiff's jury demand, unanimously dismissed, without costs, as academic.
The limited partnership agreements provide that defendants can charge up to 6% of the rental collections as a management fee. This specific provision controls over the agreements' more general provision, relied on by plaintiff, requiring that, in providing services to the limited partnerships, defendants' fees be fair, reasonable, and customary (see Muzak Corp. v Hotel Taft Corp., 1 NY2d 42, 46 [1956]).
To the extent the more general provision limiting fees is applicable, plaintiff failed to raise an issue of fact as to the reasonableness of the management fees. Plaintiff's argument, and its expert's opinion, are based on the assertion that the apartments should be sold with the limited partners as the financiers of the sale. However, this is not an obligation set out in any agreement. Moreover, the plain language of the offering memoranda and limited partnership agreements demonstrates that the parties anticipated renting the apartments, as had been done for the preceding 25 years.
Contrary to plaintiff's contention, the motion court did not resolve credibility issues raised by defendants' and plaintiff's experts. Plaintiff's expert report had no factual support, and consisted only of conclusory assertions, which are insufficient to defeat summary judgment (see Mitchell v Atlantic Paratrans of NYC, Inc., 57 AD3d 336 [1st Dept 2008]).
Plaintiff offered no newly discovered facts in its motion for renewal (CPLR 2221[e][2]); it submitted only additional excerpts from a deposition that had been taken before, and indeed cited to in, the original motion.
The court properly denied defendants' motion for attorneys' fees under Partnership Law § 121-1003 on the ground that plaintiff had not posted security for defendants' costs. Indeed, the court denied defendants' earlier motion to compel plaintiff to post security, and defendants did not appeal from that order. As defendants point out, Partnership Law § 121-1003 closely parallels Business Corporation Law (BCL) § 627, to which we look for guidance. We have held, in the context of BCL § 627, that, where no security has been posted, there can be no recovery [*2](see Amdur v Meyer, 22 AD2d 655 [1st Dept 1964]; accord J. A. Preston Corp. v Fabrication Enters., 68 NY2d 397, 401 [1986] [under claim for wrongful issuance of injunction, absent an undertaking, there is no right, short of an action for malicious prosecution, to recover for damage]).
We have considered and rejected the remaining arguments.
M-5044 - NWM Capital, LLC v Mark Scharfman
Motion for supplemental submission granted.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 31, 2019
DEPUTY CLERK