Teliman Holding Corp. v VCW Assoc. (2022 NY Slip Op 07017)

Teliman Holding Corp. v VCW Assoc.

2022 NY Slip Op 07017

Decided on December 08, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 08, 2022

Before: Kern, J.P., Gesmer, Kennedy, Scarpulla, Rodriguez, JJ. 

Ind Nos. 652237/20 160660/20 Appeal No. 16849-16850-16851 Case No. 2022-01589 2022-01590 2022-01672 

[*1]Teliman Holding Corporation, Plaintiff- Appellant,
v
VCW Associates et al., Defendants-Respondents.
VCW Associates, Plaintiff-Respondent,
v
Teliman Holding Corporation, Defendant-Appellant.

Friedman, Kaplan, New York (Lawrence S. Robbins of counsel), for appellant.
Herrick, Feinstein LLP, New York (Deborah Koplovitz of counsel), for respondents.

Judgment, Supreme Court, New York County (Melissa Crane, J.), entered April 11, 2022, awarding defendant VCW Associates attorneys' fees in the amount of $238,994.10, unanimously affirmed, with costs. Appeals from orders, same court and Justice, entered on or about November 23, 2021, which, upon granting VCW's motions for attorneys' fees as the prevailing party in the present action and a related action under Index No. 160660/20, declared that plaintiff Teliman Holding Corporation may not treat the attorneys' fees it incurred and the attorneys' fees it was required to pay VCW as components of its "Cash Requirements" in calculating VCW's rent pursuant to the parties' lease agreement, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Teliman is a cooperative housing corporation that owns the building at 100 Greene Street and VCW is its commercial tenant. Under Section 2 of the parties' lease agreement, VCW is to pay annual rent "in an amount equal to twenty percent (20%) of the aggregate amount of [Teliman's] Cash Requirements," which is defined as the "expenses and outlays . . . connected with the ownership, maintenance and operation of [the] building[]," including "legal . . . fees." Section 19 of the lease agreement provides that, in the event of litigation between Teliman and VCW concerning breach of or default under the lease, "the prevailing party in such litigation, action or proceeding shall be entitled to an award of its reasonable attorneys' fees, costs and disbursements."
The court correctly determined that the attorneys' fees awarded to VCW as the prevailing party in the present action and related action under Index No. 160660/20 pursuant to Section 19 of the lease agreement, and litigation expenses incurred by Teliman in prosecuting and defending the actions, were not components of Teliman's Cash Requirements such that they could be charged as part of VCW's rent under Section 2 of the agreement. "[C]ontracts must be read as a whole and all terms of a contract must be harmonized whenever reasonably possible" (Madison Hudson Assocs. LLC v Neumann, 44 AD3d 473, 480 [1st Dept 2007]). In interpreting a contract, the court should "adopt an interpretation which gives meaning to every provision of a contract" (Muzak Corp. v Hotel Taft Corp., 1 NY2d 42, 46 [1956]). However, "if there is an inconsistency between a general provision and a specific provision of a contract, the specific provision controls" (Bank of Tokyo-Mitsubishi, Ltd., N.Y. Branch v Kvaerner a.s., 243 AD2d 1, 8 [1st Dept 1998]).
Here, Section 19 relating solely to recovery of attorneys' fees in the event of litigation between the parties is a specific provision. To the extent it is inconsistent with Section 2 providing for inclusion of legal fees in rent calculation, it controlled over that more general provision and, in effect, removed legal fees incurred in litigation between the parties from the ambit of Section 2. VCW's legal fees were not [*2]incurred by Teliman in its ownership, operation, or maintenance of the building, but by VCW in litigating the present and related action. Furthermore, if Teliman were to include the legal fees incurred by the parties in connection with this litigation in "Cash Requirements," then VCW, in effect, would not recover all of its attorneys' fees as the prevailing party, as provided for in the lease, and, contrary to the same lease provision, Teliman would recover 20% of its legal fees, even though it was not the prevailing party.
We have considered Teliman's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2022