Ader v Ader (2023 NY Slip Op 00480)

Ader v Ader

2023 NY Slip Op 00480

Decided on February 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 02, 2023

Before: Manzanet-Daniels, J.P., González, Scarpulla, Shulman, Pitt-Burke, JJ. 

Index No. 35006/20 Appeal No. 17248 Case No. 2022-01014 

[*1]Julie Ader, Plaintiff-Respondent,
v
Jason Ader, Defendant-Appellant.

Judd Burstein, P.C., New York (Judd Burstein of counsel), for appellant.
Aronson Mayefsky & Sloan, LLP, New York (David Aronson of counsel), for respondent.

Order, Supreme Court, New York County (Michael Katz, J.), entered on or about February 14, 2022, which, to the extent appealed from as limited by the briefs, denied defendant husband's motion for partial summary judgment declaring that a particular investment was, at a minimum, marital property, unanimously affirmed, without costs.
The court correctly denied the husband's motion for partial summary judgment seeking to have the funds at issue, known as the "Kooshtard Investment," declared marital property, rather than the wife's separate property. The record presents issues of fact whether all or any part of the funds were transferred to the wife as consideration for her execution of the prenuptial agreement in 2003. The operative paragraph in the parties' 2003 prenuptial agreement provided for the husband to create an initial pool of separate property for the wife by his transfer to her of funds or securities equal to fifty percent of the value of the 2003 tax savings generated by the Kooshtard Investment, a real estate tax shelter.
The only evidence in the record of an unequivocal transfer by the husband to the wife was his transfer to her of the entirety of the Kooshtard Investment. The husband's argument that, at best, the interspousal transfer from him to the wife constituted "marital property" as defined in the Domestic Relations Law, and therefore, he is entitled to 80% of the proceeds, is unpersuasive at this juncture. Nor is his reliance on the "marital property" definition sufficient to override the unequivocal language in the transfer documents (see Muzak Corp. v Hotel Taft Corp. , 1 NY2d 42, 46 [1956]). Here, the specific terms of the prenuptial agreement provide for an interspousal transfer to create separate property for the wife. As it is not clear at present which party will prevail with respect to the proceeds of the Kooshtard Investment, denial of summary judgment was proper.
We have considered the parties' remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 2, 2023