OPINION OF THE COURT
 

 Titone, J.
 

 This action arises out of an automobile accident involving Thomas Alberino, who was driving a vehicle owned by his mother (Dorothy Alberino), and Florence Handelsman, who was driving her own car and was accompanied by Ann Samochwal at the time of the occurrence. The allegedly injured parties, including Samochwal, sued the two drivers. Dorothy Alberino was also sued as the owner of the Alberino vehicle. This appeal concerns the extent to which an insurance policy that was issued to Dorothy Alberino’s husband and provides for coverage of "family members” in some circumstances applies to this accident. We hold that because of the policy’s ambiguity, its terms must be construed to extend coverage to Dorothy and Thomas Alberino for any liability they may incur in connection with the Handelsman accident.
 

 At the time of the accident, the car owned by Dorothy Alberino was insured under a $10,000/$20,000 liability policy. At the same time, Dorothy’s husband, Robert Alberino, owned
 
 *99
 
 two other automobiles, both of which were insured by defendant Sea Insurance Company under a combined single limit liability policy with a $300,000 limit. The present action was brought by the Handelsmans in an effort to obtain a declaration that, having failed to make a timely disclaimer, Sea was obligated to defend and indemnify Dorothy and Thomas Alberino under the policy issued to Robert Alberino. The other injured parties, including Samochwal, were joined as nominal defendants in the lawsuit.
 

 In response to the Handelsman complaint, defendant Sea did not dispute that it had failed to register a timely disclaimer. Rather, the insurer took the position that it was nevertheless not liable because the policy issued to Robert Alberino did not cover this occurrence in the first instance and, under settled principles, a failure to disclaim cannot create coverage that the policy was not written to provide
 
 (see, Zappone v Home Ins. Co.,
 
 55 NY2d 131, 143;
 
 Schiff Assocs. v Flack,
 
 51 NY2d 692). This theory was tested when Sea and its nominal codefendant Samochwal cross-moved for summary judgment.
 

 In its ruling on the cross motions, the Supreme Court held that Sea had no obligation to defend and indemnify Dorothy and Thomas Alberino under the policy it had issued to Robert Alberino, since, in its view, the occurrence in question was not within the scope of that policy’s coverage. On Samochwal’s appeal, a majority at the Appellate Division affirmed principally in reliance on this Court’s prior holding in
 
 Zappone v Home Ins. Co.
 
 (55 NY2d 131,
 
 supra).
 
 One Appellate Division Justice dissented, taking the position that the Sea policy was ambiguous and that, accordingly, it should be construed to encompass coverage for this accident. This appeal, taken by permission of this Court, ensued.
 

 The fundamental governing legal principles are not in dispute. When a liability insurer is notified of a claim, it must timely disclaim coverage in order to avoid its duty to defend and indemnify (Insurance Law § 3420 [d]). A timely disclaimer is not required, however, when the policy on which the claim rests does not, by its terms, cover the incident giving rise to liability
 
 (Zappone v Home Ins. Co., supra).
 
 Thus, in the present case, the obligation of the insurer, which did not timely disclaim, depends on a construction of the particular provisions of the policy it issued to Robert Alberino.
 

 The general coverage provision of the policy in issue states
 
 *100
 
 that the insurer will pay damages for bodily injury or property damage for which any "insured” becomes legally responsible because of an auto accident. The critical policy provision is the one that defines what constitutes an "insured”:
 

 ” B. 'Insured’ as used in this Part means:
 

 "1. You or your 'family member’ for the ownership, maintenance or use of any auto or 'trailer.’
 

 "2. Any person using 'your covered auto.’
 

 "3. For 'your covered auto,’ any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.
 

 "4. For any auto or 'trailer,’ other than 'your covered auto,’ any other person or organization but only with respect to legal responsibility for acts or omissions of you or any 'family member’ for whom coverage is afforded under this Part.
 
 This provision (B.4.) applies only if the person or organization does not own or hire the auto or
 
 ftrailer’ ” (emphasis supplied).
 

 "Family member” is defined elsewhere in the policy as a person related to the policyholder by blood or marriage who is also a resident of the policyholder’s home.
 

 It is undisputed for the purpose of this appeal that both Dorothy and Thomas Alberino qualify as "family members” under this definition. Further, under the terms of clause 1 of section B, both of those individuals are covered for their use or ownership of "any auto” — a term that is plainly broad enough to encompass the vehicle involved in the Handelsman accident. Thus, section B.l of the insurance policy issued to Robert Alberino unambiguously provides coverage for the Handelsman occurrence.
 

 In support of its effort to avoid the obligation to defend and indemnify that is created by clause 1 of section B, Sea cites clause 4, which limits coverage to situations in which "the person or organization does not own or hire the auto or 'trailer.’ ” However, it is not clear from the language or structure of section B whether its provisions are intended to be independent or cumulative or whether clause 4 was intended to
 
 modify or narrow
 
 the coverage contemplated in clause 1.
 

 Notably, there are no conjunctive or disjunctive connecting
 
 *101
 
 words to indicate how the four clauses in section B are supposed to relate to each other. Moreover, there is no indication as to whether the "other person[s]” referred to in clause 4 are intended to include the insured’s "family members” or whether the "person” referred to in the clause’s last sentence is intended to mean the same thing as the phrase "other person” that appears at the beginning of the clause. The better view would seem to be that, taken in context, the term
 
 "other
 
 person[s]” (emphasis added) means persons other than "you” (the person to whom the policy was issued) and "family members” and that "person” and "other persons” as used in clause 4 are synonymous.
 

 In any event, the provision is, at best, ambiguous, and, as such, cannot serve to undermine the grant of coverage that is plain from the language of section B.l. Where there is ambiguity as to the existence of coverage, doubt is to be resolved in favor of the insured and against the insurer
 
 (see, e.g., Lavanant v General Acc. Ins. Co.,
 
 79 NY2d 623, 629;
 
 United States Fid. & Guar. Co. v Annunziata,
 
 67 NY2d 229, 232).
 

 In this instance, our resolution of this coverage controversy against the insurer is further supported by the exclusionary provisions of the policy in issue. Those provisions state, in pertinent part, that the liability coverage described elsewhere in the policy does not apply for "the ownership, maintenance or use of’
 

 "2. Any vehicle, other than 'your covered auto,’ which is:
 

 "a. owned by you * * *
 

 "3. Any vehicle other than 'your covered auto,’ which is:
 

 "a. owned by any 'family member’ * *
 

 The existence of this specific exclusion for vehicles owned by the person to whom the policy was issued or by "family members” suggests that, contrary to Sea’s contentions, the coverage described and defined elsewhere in the policy is not limited by the terms of section B.4 to "nonowned” vehicles. Indeed, if the coverage itself were limited to such "nonowned” vehicles, the above-quoted exclusion language would be superfluous. Thus, in this situation, it cannot be said that coverage is foreclosed because of the circumstance that the accident vehicle was owned by Dorothy Alberino.
 

 We note that neither
 
 Zappone v Home Ins. Co.
 
 (55 NY2d 131,
 
 supra)
 
 nor
 
 Government Empls. Ins. Co. v Kligler
 
 (42 NY2d
 
 *102
 
 863), on which Sea heavily relies, supports a different result, since the insurance policies in both of those cases were significantly different from the policy at issue here. In
 
 Zappone
 
 and
 
 Kligler,
 
 the basic coverage portions of the policies provided only for indemnification for liability "arising out of the ownership, maintenance or use of [a covered] or a
 
 non-owned
 
 automobile”
 
 (Zappone v Home Ins. Co., supra,
 
 Record on Appeal, at 53c;
 
 Government Empls. Ins. Co. v Kligler, supra,
 
 Record on Appeal, Exhibit A, at 18a [emphasis supplied]). Here, in contrast, no narrowing reference is made to "nonowned” vehicles; to the contrary, the policy covers damages "for which any 'insured’ becomes legally responsible because of an auto accident.”
 

 In sum, the provisions of the policy issued by Sea to Robert Alberino could well be construed to extend coverage to a situation such as this, in which one family member (Thomas Alberino) may be held liable because of his use of an automobile and another family member (Dorothy Alberino) may be held liable because of her ownership of that vehicle. The Sea policy issued to Robert Alberino does not clearly limit the liability coverage to nonowned vehicles and, thus, the fact that one of the family members to be covered owned the accident vehicle does not negate the insurer’s obligations to defend and indemnify that family member. Finally, since the occurrence was within the policy’s coverage provisions, Sea’s failure to disclaim in a timely manner is dispositive and the insurer is now foreclosed from making efforts to avoid those obligations.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs to defendant Samochwal as against defendant Sea Insurance Co., defendant Sea Insurance Co.’s motion for summary judgment denied, defendant Samochwal’s cross motion for summary judgment granted and judgment granted declaring that Sea Insurance Co. is obligated to defend and indemnify the Alberino codefendants.
 

 Chief Judge Kaye and Judges Simons, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order reversed, etc.