■ In the Matter of LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant, v GREGORY AGGESEN et al., Respondents. [618 NYS2d 441] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated April 5, 1993, which denied the petition and directed the parties to proceed to arbitration.

Ordered that the order is affirmed, with costs.

The respondent Gregory Aggesen filed an uninsured motorist claim with his insurer, the appellant Lumbermens Mutual Casualty Company, with regard to a motor vehicle accident between his vehicle and another vehicle, a 1973 International owned by the respondent Moshe Damti. The Supreme Court subsequently denied the appellant's petition, which sought to stay arbitration of the claim.

The appellant now contends that the disclaimer of coverage which Hanover Insurance Company (hereinafter Hanover) sent its insured, the respondent Moshe Damti, was defective and that, accordingly, the Supreme Court erred in finding that the respondent Gregory Aggesen was involved in an accident with an uninsured vehicle. We disagree.

The failure to disclaim coverage does not create coverage

that the policy was not written to provide *(see, Zappone v Home Ins. Co.,* 55 NY2d 131, 134). As set forth in the definitions section of the Hanover policy, Hanover extended insurance coverage to only the named vehicle, a 1982 Chevrolet, and any other private passenger automobiles. It is clear that Hanover did not extend insurance coverage to the offending vehicle, a 1973 International, which is described in the police accident report as a commercial vehicle. Accordingly, the alleged defects in the letter from Hanover to the respondent Moshe Damti disclaiming coverage do not provide a basis for staying arbitration of the respondent Gregory Aggesen's uninsured motorist claim *(see, Matter of Prudential Prop. & Cas. Ins. Co. v Hobson,* 67 NY2d 19, 21). Bracken, J. P., Balletta, Ritter, Pizzuto and Florio, JJ., concur.