■ ALLSTATE INSURANCE COMPANY, Appellant, v JOSEPH J. MACALUSO et al., Defendants, and JAMES C. DOHERTY et al., Respondents. [628 NYS2d 701] —Order and judgment (one paper), Supreme Court, New York County (Paula Omansky, J.), entered on or about April 1, 1994, which granted defendants-respondents' motion for summary judgment, and declared that plaintiff insurer is obligated to defend and indemnify defendant insured in an action for personal injuries brought against him by defendants-respondents, unanimously affirmed, with costs.

Plaintiff's delay in disclaiming coverage based on the exclusion for vehicles for hire in the subject policy was unreasonable as a matter of law (*see, Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028). Defendants-respondents' complaint in the underlying action, served more than 19 months before plaintiff's notice of disclaimer, and the affidavit from defendant-respondent's physician in the underlying action, served almost a year before plaintiff's notice of disclaimer, were all very clear in describing the vehicle in which defendant-respondent was a passenger as a livery car, and more than adequate to put

plaintiff on notice that its insured's original statement to the contrary was probably false and that a disclaimer was all but certain. Under the circumstances, it was unreasonable for plaintiff to await the insured's deposition without taking other, more prompt steps to investigate the question of coverage (*see, Allstate Ins. Co. v Gross*, 27 NY2d 263, 270). Concur—Sullivan, J. P., Wallach, Williams and Mazzarelli, JJ.