[649 NYS2d 269]

PAUL JERGE et al., Respondents, v CHRISTOPHER BUETTNER et al., Defendants, and NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant.

Fourth Department, November 8, 1996

**APPEARANCES OF COUNSEL**

*Roy A. Mura,* Buffalo, for appellant.

*Flaherty & Shea,* Buffalo *(James Shea* of counsel), for respondents.

### OPINION OF THE COURT

BOEHM, J.

## I

The issue raised on this appeal is whether defendant New York Central Mutual Fire Insurance Company (New York Central) is obligated to indemnify and defend defendant Christopher Buettner under the policy of insurance issued by New York Central to defendants Harvey and Karen Tigue in an underlying personal injury action brought by plaintiffs, Paul and Terri Jerge, against Buettner.

## II

On November 25, 1992, Buettner resided with his mother, Karen Tigue, and her husband, Harvey Tigue. That day, while operating his automobile, which was covered by a liability insurance policy issued by Nationwide Insurance Company, Buettner was in an accident that resulted in personal injuries to Paul Jerge. Thereafter, plaintiffs commenced an action against Buettner. Harvey and Karen Tigue were covered under a policy of automobile liability insurance with New York Central. The policy's declaration page listed two automobiles owned by the Tigues as "covered autos", and listed Harvey and Karen Tigue as the "named insureds". New York Central disclaimed on the ground that coverage was excluded because "Christopher Buettner, was operating his own owned automobile * * * when this accident occurred. [The] policy of insurance does not provide liability for [Christopher's] ownership, maintenance or use of his own vehicle." New York Central also disclaimed on the ground that Buettner was not a "named insured".

Supreme Court granted the motion of plaintiffs for summary judgment requiring New York Central to defend and indemnify Buettner in plaintiffs' action and denied the cross motion of New York Central for summary judgment declaring that it had no duty to defend and indemnify.

## III

Under section B of the "Insuring Agreement" contained in the New York Central policy, "Insured" is defined, *inter alia,* as "B.1. You or any 'family member' for the ownership, main-

tenance or use of any auto or 'trailer.' * * * 4. For any auto or 'trailer,' other than 'your covered auto,' any other person or organization but only with respect to legal responsibility for acts or omissions of you or any 'family member' for whom coverage is afforded under this Part. This provision (B.4.) applies only if the person or organization does not own or hire the auto or 'trailer'."

Under the "Definitions Clause", a family member is defined as "a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child." In its "Exclusions" clause, the policy provides "B. We do not provide Liability Coverage for the ownership, maintenance or use of * * * 3. Any vehicle, other than 'your covered auto' which is: a. owned by any 'family member.' " The policy describes "you" and "your" as the named insureds, Harvey and Karen Tigue.

The quoted provisions of the New York Central policy are virtually identical to those in the policy in *Handelsman v Sea Ins. Co.* (85 NY2d 96, *rearg denied* 85 NY2d 924). In *Handelsman*, Thomas Alberino, the son of Dorothy Alberino, was operating a vehicle owned and insured by Dorothy when he collided with another vehicle operated by Florence Handelsman. Dorothy's husband, Robert Alberino, owned two other automobiles; they were insured by Sea Insurance Company. In *Handelsman*, as here, it was undisputed that Thomas Alberino qualified as a "family member" under Robert Alberino's policy. The Handelsmans instituted an action seeking a declaration that Sea Insurance Company had failed to make a timely disclaimer and was, therefore, obligated to indemnify and defend Dorothy and Thomas Alberino under the policy issued to Robert Alberino. Sea Insurance Company did not dispute that it had failed to make a timely disclaimer, but took the position that a disclaimer was unnecessary because its policy did not provide coverage, unlike the situation where coverage is provided but there is an exclusion claimed by the carrier (*see, Zappone v Home Ins. Co.,* 55 NY2d 131).

The Court of Appeals held that clause B.1 of the policy, which provided coverage for family members with respect to " 'the ownership, maintenance or use of any auto' " (*supra,* at 100), unambiguously provided coverage for Robert's use of Dorothy's car. That clause is identical to the same clause in the New York Central policy here. The Court rejected the contention of Sea Insurance Company that the second sentence in clause B.4 excluded coverage of family members who own

their own automobiles. That clause is also identical to the clause in the policy here. The Court held that it was not clear from the language or structure of the section containing clauses B.1 and B.4 whether its provisions were intended to be independent or cumulative and, further, there was no indication whether the " 'other person' " *(supra,* at 100) referred to in clause B.4 was intended to include or exclude family members. The policy was, therefore, ambiguous regarding the disputed coverage and, because of the ambiguity, Sea Insurance Company was required to defend and indemnify Dorothy and Thomas Alberino. The Court observed that the "better view" of the construction of B.4 was that use of the term " 'person' " in the second sentence meant persons other than " 'you' * * * and 'family members' " and that " 'person' " and " 'other person' " as used in sentences one and two were synonymous *(supra,* at 101). The Court further noted that the exclusionary provision in the policy, which is identical to the exclusion in paragraph B.3.a here, suggested that the coverage described and defined elsewhere in the policy was not limited by the terms of clause B.4 to " 'nonowned' " vehicles. "Indeed," the Court stated, "if the coverage itself were limited to such 'nonowned' vehicles, the above-quoted exclusion language would be superfluous" *(Handelsman v Sea Ins. Co., supra,* at 101).

The reasoning of the Court in *Handelsman* and the conclusion it arrived at with respect to coverage of Dorothy and Thomas Alberino is equally applicable to the New York Central policy and its coverage of Buettner.

## IV

We note further that the exclusionary clause here is in direct conflict with the definition of an insured. In conformity with the holding in *Handelsman,* the ambiguity in coverage in section B of this policy results in Buettner, as a "family member", being an insured; the exclusion, however, would deprive him of coverage as an insured. This obvious conflict is quite different from those situations where there is coverage, but under certain limited circumstances coverage is excluded, as in *Rhinebeck Bicycle Shop v Sterling Ins. Co.* (151 AD2d 122), where a liability policy excluded coverage occurring away from the insured's premises and after the insured relinquished physical possession of the product. Here, there is a clear inconsistency or repugnancy between the clause providing for coverage and the clause excluding coverage. At best, the insurance

contract as drawn is equivocal and applying the usual rule of construction in such cases the interpretation should be adopted that is most favorable to the insured (*see,* 69 NY Jur 2d, Insurance, § 720; *see also, Hutzel v United States Aviation Underwriters,* 132 AD2d 45, *lv denied* 71 NY2d 804; *American Home Assur. Co. v Hartford Ins. Co.,* 74 AD2d 224).

## V

Accordingly, the judgment granting summary judgment to plaintiffs requiring New York Central to defend and indemnify Buettner in plaintiffs' action and denying the cross motion of New York Central for summary judgment should be affirmed.

WESLEY, J. (dissenting). I respectfully dissent. In my view, this case is materially different from *Handelsman v Sea Ins. Co.* (85 NY2d 96, *rearg denied* 85 NY2d 924). In *Handelsman,* the Court of Appeals ruled that a policy using the same language as that at issue in this case was ambiguous with regard to coverage of a vehicle owned by a family member of the insured (*Handelsman v Sea Ins. Co., supra,* at 101-102). However, in *Handelsman,* the carrier had concededly failed to disclaim coverage timely pursuant to an exclusion contained in the policy that excluded vehicles owned by family members that were not listed as the insured's " ' "covered auto" ' " (*Handelsman v Sea Ins. Co., supra,* at 101). The carrier attempted unsuccessfully to argue that the disclaimer was unnecessary pursuant to *Zappone v Home Ins. Co.* (55 NY2d 131) because the policy did not provide coverage for the vehicle in any event (*Handelsman v Sea Ins. Co., supra,* at 99). The Court rejected the carrier's argument and determined that the coverage provisions of the policy that defined an insured (there were four separate definitions) were ambiguous; it resolved the ambiguity created by those provisions in favor of the insured (*Handelsman v Sea Ins. Co., supra,* at 100-101).

The Court also noted that its resolution of the ambiguity was "further supported by the exclusionary provisions of the policy in issue" (*Handelsman v Sea Ins. Co., supra,* at 101). The Court reasoned that the existence of the exclusion (which includes the same language that appears in the exclusion at issue in this case) supported the Court's conclusion that the coverage

language in the policy could reasonably be read to include vehicles owned by family members of the insured that were not listed as "your covered auto". The Court noted that, were it to adopt the carrier's interpretation of the policy's coverage provisions, the exclusion would be "superfluous" (*Handelsman v Sea Ins. Co., supra,* at 101).

It is undisputed in this case that the carrier issued a timely disclaimer to the insured based on the exclusion in the policy. The language of the exclusion is clear and unambiguous; the policy at paragraph 3.B.a excludes "Liability Coverage for the ownership, maintenance or use of * * * [a]ny vehicle other than 'your covered auto' which is * * * owned by any 'family member' ". Christopher Buettner resides with his mother and his stepfather, Harvey Tigue, the named insureds on the policy. Buettner is a "family member" as defined by the policy. Buettner owned a car that is not listed on the Tigues' policy as "your covered auto". While Buettner was driving his car, he struck and seriously injured Paul Jerge. The policy clearly and unambiguously excludes the Buettner vehicle from liability coverage under the Tigues' policy under these circumstances.

Exclusions in automobile liability policies by their nature exclude a person or a vehicle from coverage because of some disqualifying circumstance, even though the person and vehicle come within the coverage provisions of the policy (*Zappone v Home Ins. Co., supra,* at 136-137). Thus, there is always a conflict between the coverage and exclusion provisions of an automobile liability policy. Without that conflict, the exclusions would be superfluous.

I disagree with the majority that the conflict between the coverage and exclusion provisions of the policy at issue creates an ambiguity with respect to the exclusion. The coverage issue has been decided by *Handelsman (supra)*; this policy does provide coverage to the Buettner vehicle even though it is not listed as a "covered auto". The question is whether the exclusion provision of the policy unambiguously informs the insured that the policy excludes Buettner's vehicle when operated by Buettner. In my view, it does. I would therefore grant the cross motion of New York Central Mutual Fire Insurance Company, and declare that it is not obligated to defend and indemnify Buettner in the action brought against him by Paul and Terri Jerge.

GREEN, J. P., and DAVIS, J., concur with BOEHM, J.; WESLEY, J., dissents and votes to reverse in a separate opinion in which PINE, J., concurs.

Judgment affirmed, without costs.