■ DOMINIC NIGRO et al., Respondents, v GENERAL ACCIDENT INSURANCE COMPANY OF NEW YORK et al., Appellants. [658 NYS2d 963] —In an action for a judgment declaring that the defendants are obligated to defend and indemnify James Brucato in connection with a pending personal injury action, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Hall, J.), entered June 13, 1996, which, upon an order granting the plaintiffs' motion for summary judgment, made the declaration.

Ordered that the judgment is affirmed, with costs.

The relevant provisions of the policy issued by the defendants to Robert Brucato are identical to those which were reviewed by the Court of Appeals in *Handelsman v Sea Ins. Co.* (85 NY2d 96). Pursuant to the holding in that case, we conclude that the bodily injury liability coverage afforded to Robert Brucato extends to the liability potentially incurred by his son, James Brucato, who, at the time of the underlying accident, was a resident in Robert Brucato's household, and who, in the underlying action, is threatened with the imposition of such liability as the result of his permissive operation of a vehicle owned by a third party (*see also, Jerge v Buettner,* 225 AD2d 294).

Although the defendants may have had valid grounds for disclaimer, either on the basis that James Brucato's operation of the vehicle was in connection with a business (*cf., Allstate Ins. Co. v Kuper,* 140 AD2d 479) or on the basis that the vehicle which he was operating had been furnished to him for his regular use (*cf., Smedes v Liberty Mut. Ins. Co.,* 206 AD2d 814), it is virtually conceded that the defendants' unexplained failure to assert these grounds for disclaimer until approximately six months after their learning of the facts of the underlying accident precludes them from relying on these grounds as defenses in the plaintiffs' declaratory judgment action (*see,* Insurance Law § 3420 [d]; *Matter of Firemen's Fund Ins. Co. v Hopkins,* 88 NY2d 836; *Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, 1029; *Allstate Ins. Co. v Gross,* 27 NY2d 263; *Matter of Nationwide Mut. Ins. Co. v Steiner,* 199 AD2d 507). The case of *Zappone v Home Ins. Co.* (55 NY2d 131), relied upon by the defendants for the proposition that they had no duty to

disclaim with reasonable promptness, is distinguishable from the facts presented in this case for the same reasons that it was explicitly distinguished by the Court of Appeals in *Handelsman v Sea Ins. Co.* (*supra,* 85 NY2d, at 101-102; *see also, Crull v State Farm Fire & Cas. Co.,* 225 AD2d 1071). Bracken, J. P., Ritter, Sullivan and Pizzuto, JJ., concur.