■ JEFFERSON INSURANCE COMPANY OF NEW YORK, Respondent, v TRAVELERS INDEMNITY COMPANY, Appellant, and RELIANCE INSURANCE COMPANY, Respondent, et al., Defendants. [663 NYS2d 21] —Judgment, Supreme Court, New York County (Lewis Friedman, J.), entered November 27, 1996, in favor of plaintiff Jefferson Insurance Company and against defendant Travelers Indemnity Company in the principal amount of $400,000, plus interest of $174,772.60, and in favor of defendant Reliance Insurance Company and against defendant Travelers in the principal amount of $490,000, plus interest of $214,096.44, and bringing up for review an order, entered on or about July 26, 1996, which, upon the parties' respective motions for summary judgment, held that Travelers is obligated to indemnify Reliance and Jefferson in the above amounts paid in connection with a $900,000 settlement of a personal injury action in which Travelers was held next on the risk after Reliance's "step-down" policy, unanimously affirmed, with costs. The appeal from the order is unanimously dismissed as superseded by the appeal from the judgment.

The antisubrogation rule does not apply here. The insureds, A-Drive, the lessor of the covered vehicle, and Continental, the lessee, did not share a common insurer. The policies obtained by A-Drive from Reliance and Jefferson did not name Continental as an additional insured. Rather, the insurer that they had in common was Travelers, whose policy was procured by Continental and named A-Drive as an additional insured.

Indeed, as an additional insured, A-Drive was entitled to coverage independent of the coverage provided to Continental. We reject Travelers' restrictive interpretations of coverage provisions and the additional insured endorsement that would render the latter meaningless (*see*, *ZKZ Assocs. v CNA Ins. Co.*, 89 NY2d 990). In any event, any ambiguity in the policy must be read in favor of the insured and against the drafter, Travelers (*Handelsman v Sea Ins. Co.*, 85 NY2d 96, 101). We have considered Travelers' remaining arguments and find them to be without merit. Concur—Milonas, J. P., Nardelli, Williams, Mazzarelli, and Andrias, JJ.