(July 13, 1998)

■ ALLSTATE INSURANCE COMPANY, Respondent, v JAMES LEWIS et al., Appellants, et al., Defendant. (Action No. 1.)

JOANNE HEALEY, Plaintiff, v JAMES LEWIS et al., Defendants. (Action No. 2.) [675 NYS2d 282] —In related actions in which Allstate Insurance Company seeks a judgment declaring it has no obligation to defend or indemnify James Lewis, Virginia Lewis, and Thomas J. Lewis in a personal injury action, Joanne Healey, a defendant in the declaratory judgment action (Action No. 1) and the plaintiff in the personal injury action (Action No. 2), appeals from (1) an order of the Supreme Court, Nassau County (O'Brien, J.), dated January 16, 1997, which granted the motion of Allstate Insurance Company for summary judgment in the declaratory judgment action, and (2) a judgment of the same court entered thereon March 26, 1997, which declared that it had no such obligation, and James Lewis and Virginia Lewis, defendants in the declaratory judgment and personal injury actions, separately appeal from the same order and judgment.

Ordered that the appeals of James Lewis and Virginia Lewis are dismissed for failure to timely perfect the same in accordance with the rules of this Court (22 NYCRR 670.8 [e]); and it is further,

Ordered that, upon the appeals of Joanne Healey, the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

We agree with the Supreme Court that the language of both the homeowner's and the automobile policies issued by Allstate Insurance Company (hereinafter Allstate) to the defendants James Lewis and Virginia Lewis is unambiguous, and that it excludes coverage and any obligation to defend and/or indemnify them for the automobile accident at issue (*see, Jerge v Buettner,* 90 NY2d 950; *cf., Handelsman v Sea Ins. Co.,* 85 NY2d 96). Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.