■ GINA M. MOIRANO, as Administrator of the Estate of KATHERINE R. MANCUSO, Deceased, et al., Appellants, v AETNA CASUALTY & SURETY COMPANY, Now Known as TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, Respondent. [686 NYS2d 76] —In an action, pursuant to Insurance Law § 3420 to recover the proceeds of an insurance policy issued by the defendant to Frank Ruggerio and Louise S. Ruggerio based upon a judgment obtained by Katherine Mancuso and Angelo Mancuso in an action entitled *Mancuso v Ruggerio* (Nassau County Index No. 12552/94), the plaintiffs appeal (1) from an order of the Supreme Court, Nassau County (Driscoll, J.), dated August 8, 1997, which denied their motion for summary judgment and which, upon searching the record, in effect, directed the entry of a judgment declaring that the defendant was not obligated to indemnify its insureds for the judgment obtained by the plaintiffs in the underlying action, (2) from a judgment of the

same court entered October 3, 1997, entered on the order, (3) from an amended judgment of the same court, dated November 24, 1997, which, after substituting Gina Maria Moirano as administrator of the estate of Katherine R. Mancuso, was entered upon the order, and (4) as limited by their brief, from so much of an order of the same court dated April 8, 1998, as, upon granting reargument, adhered to the prior determination declaring that the defendant was not obligated to satisfy the judgment in the underlying action.

Ordered that the appeal from the order dated August 8, 1997, is dismissed; and it is further,

Ordered that the appeal from the judgment and the amended judgment are dismissed, as the judgment and the amended judgment were superseded by the order dated April 8, 1998, made upon reargument; and it is further,

Ordered that the order dated April 8, 1998, is reversed insofar as appealed from, on the law, upon reargument, the plaintiffs' motion for summary judgment is granted, and the amended judgment, the judgment and the order dated August 8, 1997 are vacated, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate declaratory judgment; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order dated April 8, 1998, made upon reargument, which superseded the judgment and the amended judgment (*see,* CPLR 5501 [a] [1]).

Where, as here, an insurer attempts to disclaim coverage under a policy of liability insurance by invoking the terms of an exclusion in the policy, it must do so without unreasonable delay (Insurance Law § 3420 [d]; *see, Planet Ins. Co. v Bright Bay Classic Vehicles,* 75 NY2d 394; *Nigro v General Acc. Ins. Co.,* 239 AD2d 474; *Matter of Aetna Life & Cas. v Boucher,* 238 AD2d 414; *Matter of Allstate Ins. Co. v Ferrone,* 232 AD2d 479; *Hanover Ins. Co. v Suffolk Overhead Door Co.,* 207 AD2d 428; *Greater N. Y. Mut. Ins. Co. v Clark,* 205 AD2d 857). Contrary to the conclusion of the Supreme Court, under the circumstances of this case, the defendant's unexplained failure for approximately three months to issue a disclaimer resulted in an estoppel which precludes the defendant from litigating the basis for its disclaimer in this action (*see, Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028; *Nigro v General Acc. Ins. Co., supra; Pennsylvania Millers Mut. Ins. Co. v Sorrentino,*

238 AD2d 491; *Matter of Nationwide Mut. Ins. Co. v Steiner*, 199 AD2d 507). Accordingly, inasmuch as the defendant is estopped from raising the sole defense (i.e., the exclusion) it proffered in opposition to the plaintiffs' otherwise meritorious motion, the Supreme Court erred in denying the motion. Miller, J. P., Thompson, Friedmann and Florio, JJ., concur.