■ GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, v CHAIM S. KOLODNY et al., Defendants, and DVORA ZELMAN et al., Appellants. [703 NYS2d 513] —In an action for a judgment declaring that the plaintiff is not obligated to indemnify the defendant Chaim S. Kolodny or to provide coverage for claims arising from an automobile accident, (1) the defendants Abraham Jacobowitz, as Administrator of the Estate of Efraim Jacobowitz, Herbert Basch, and Yehoshua Basch appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), dated May 6, 1998, which granted the plaintiff's motion for summary judgment, and (2) the defendants Abraham Jacobowitz, as Administrator of the Estate of Efraim Jacobowitz, Herbert Basch, and Yehoshua Basch, Abraham Schwartzberg, Zvi Shor, and Meir Shor, and Dvora Zelman, as administratrix of the Estate of Matisyahu Zelman, separately appeal from a judgment of the same court, dated June 12, 1998, which, *inter alia*, declared that the plaintiff is not obligated to indemnify the defendant Chaim S. Kolodny and has no duty or obligation to anyone injured as a result of the accident.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the motion is denied, and the order dated May 6, 1998, is modified accordingly; and it is further,

Ordered that the appellants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The defendant Chaim S. Kolodny was the operator of a vehicle owned by the defendant Congregation Khal-Chasidei Skwere which was involved in a fatal one-car accident on August 7, 1990. At the time of the accident, the plaintiff, Government Employees Insurance Company (hereinafter GEICO), insured an automobile owned by Kolodny's father. The GEICO policy provided liability coverage for "any 'family member' for the * * * use of any auto". It is undisputed that Kolodny was a "family member" within the meaning of the GEICO policy. Under the heading entitled "Exclusions", the policy provided, in relevant part, "We do not provide Liability Coverage for the ownership, maintenance or use of * * * any vehicle other than 'your covered auto,' which is * * * furnished or available for the regular use of a 'family member'". In this action, GEICO seeks a declaration that since the vehicle involved in the accident was provided to Kolodny for his regular use, GEICO is not obligated to indemnify him or to provide coverage for the accident.

Contrary to the conclusion of the Supreme Court, GEICO was required to provide a timely disclaimer when asserting its policy's exclusion (*see, Handelsman v Sea Ins. Co.,* 85 NY2d 96; *Nigro v General Acc. Ins. Co.,* 239 AD2d 474). Moreover, GEICO's disclaimer, issued on May 21, 1992, over one year after it received notice of the accident on May 1, 1991, was untimely, and GEICO failed to adequately explain the delay, as a matter of law (*see,* Insurance Law § 3420; *Allstate Ins. Co. v Macaluso,* 217 AD2d 424; *Safeguard Ins. Co. v Angel Guardian Home,* 946 F Supp 221, 229). Accordingly, the Supreme Court should have denied GEICO's motion for summary judgment.

GEICO's argument based on the Workers' Compensation Law is raised for the first time on appeal and is therefore not properly before this Court (*see, Bragagnolo v EMC Mtge. Corp.,* 234 AD2d 328). Joy, J. P., Sullivan, Krausman and Luciano, JJ., concur.