■ RUPERTO RIOS, Respondent, v 474431 ASSOCIATES, Appellant, et al., Defendant. (And a Third-Party Action.) [717 NYS2d 640] —In an action to recover damages for personal injuries, the defendant 474431 Associates appeals, as limited by its brief, from so much of an amended judgment of the Supreme Court, Kings County (Huttner, J.), entered October 28, 1999, as, upon a decision of the same court (G. Aronin, J.), dated January 8, 1999, determining its motion for summary judgment dismissing the complaint and the plaintiff's cross motion for partial summary judgment on his cause of action under Labor Law § 240 (1), and upon a jury verdict on the issue of damages, is in favor of the plaintiff and against it in the principal sum of $155,000.

Ordered that the amended judgment is affirmed insofar as appealed from, with costs.

The Supreme Court properly determined that the plaintiff was entitled to partial summary judgment on the issue of liability on his cause of action under Labor Law § 240 (1). The plaintiff established, through the use of circumstantial evidence, that while he was working at ground level in the basement of the appellant's building, a piece of a pipe fell from an elevated height, where a co-worker had been cutting pipes, and struck him in the face (*see, Cosgriff v Manshul Constr. Corp.,*

239 AD2d 312). The appellant argues for the first time on appeal that the plaintiff could not recover under Labor Law § 240 (1) because he was on the ground. This issue is unpreserved for appellate review (*see, Government Empls. Ins. Co. v Kolodny,* 269 AD2d 564), and, in any event, is without merit (*see, Cosgriff v Manshul Constr. Corp., supra*).

The award of damages did not deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]).

The parties' remaining contentions are either without merit or academic in light of our determination. Santucci, J. P., Altman, Goldstein and McGinity, JJ., concur.