In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Respondent, v ANDREW McDONALD et al., Respondents, and NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY et al., Appellants. [775 NYS2d 83]—

In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, New York Central Mutual Fire Insurance Company and Rose Ford appeal from an order of the Supreme Court, Kings County (Silverman, J.H.O.), dated May 7, 2003, which, upon a decision of the same court dated May 7, 2003, made after a hearing, granted the petition and permanently stayed the arbitration.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a new hearing and a new determination on the petition.

The petitioner Liberty Mutual Insurance Company (hereinafter Liberty Mutual) established a prima facie case that New York Central Mutual Fire Insurance Company (hereinafter Central Mutual) insured the alleged offending vehicle by producing the police accident report which contained the vehicle's insurance code (*see Matter of Eagle Ins. Co. v Beauvil,* 297 AD2d 736, 737 [2002]; *Matter of Liberty Mut. Ins. Co. v Bohl,* 262 AD2d 645, 646 [1999]; *Matter of Eagle Ins. Co. v Sadiq,* 237 AD2d 605 [1997]; *Matter of Centennial Ins. Co. v Capehart,* 220 AD2d 499 [1995]). The burden then shifted to Central Mutual to establish noncoverage or the applicability of some exclusion to coverage and that it timely disclaimed on the basis of such exclusion.

Central Mutual argued before the Supreme Court that the use of its insured's vehicle on the date of the accident was nonpermissive, and therefore, its insurance did not cover the loss. Liberty Mutual argued that the issue of nonpermissive use was irrelevant if the court determined that Central Mutual's delay in issuing the notice of disclaimer was unreasonable as a matter of law. The Supreme Court agreed with Liberty Mutual and, rather than hearing evidence to determine, inter alia, whether the use of the vehicle was in fact nonpermissive, the court focused solely on the issue of the timeliness of the disclaimer. This was error.

Where an insurer attempts to disclaim coverage under a policy of liability insurance by invoking the terms of an exclusion, including an exclusion for nonpermissive use, it must do so "as soon as is reasonably possible" after learning of the grounds for disclaimer (Insurance Law § 3420 [d]; *see Moirano v Aetna Cas. & Sur. Co.,* 259 AD2d 470, 471 [1999]; *Nigro v General Acc. Ins. Co. of N.Y.,* 239 AD2d 474, 475 [1997]). However, where the nonpermissive use falls outside the policy's coverage and the denial of the claim is based upon lack of coverage, estoppel may not be used to create coverage regardless of whether or not the insurance company was timely in issuing its disclaimer (*see Zappone v Home Ins. Co.,* 55 NY2d 131, 135-136 [1982]; *Matter of Allstate Indem. Co. v Nelson,* 285 AD2d 545 [2001]; *Government Empls. Ins. Co. v Pagano,* 251 AD2d 452, 454 [1998]; *Wausau Ins. Cos. v Feldman,* 213 AD2d 179, 180 [1995]; *Matter of Lumbermens Mut. Cas. Co. v Aggesen,* 209 AD2d 415 [1994]; *Greater N.Y. Mut. Ins. Co. v Clark,* 205 AD2d 857, 858 [1994]).

The Supreme Court erred in declining to permit Central Mutual to submit evidence that the use of its insured's vehicle at the time of the accident was nonpermissive. If nonpermissive use is established, the court must determine whether nonpermis-

sive use falls within an exclusion to Central Mutual's insurance policy or whether it falls outside the ambit of coverage altogether. If nonpermissive use falls outside of the policy coverage, the timing of Central Mutual's issuance of its disclaimer is irrelevant. Only if the nonpermissive use falls within a policy exclusion must the court address the timeliness of the disclaimer. In making this determination, the court should hear testimony from witnesses with personal knowledge of the facts regarding when Central Mutual became aware of sufficient facts to issue its disclaimer (*see Matter of Allstate Ins. Co. v Ferrone,* 232 AD2d 479, 480 [1996]; *Matter of State Farm Mut. Auto. Ins. Co. v Cote,* 200 AD2d 622 [1994]). In addition, because the record in this case contains several notices of disclaimer bearing different dates, testimony should be taken to establish when the notice of disclaimer was first issued. After all of these rulings are made, the court can assess, if necessary, whether Central Mutual delayed unreasonably in issuing its disclaimer.

Accordingly, we remit the matter to the Supreme Court, Kings County, for a new hearing and a new determination on the petition. Altman, J.P., Smith, S. Miller and Crane, JJ., concur.