■ KELLY A. FESKO, Appellant, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent. [779 NYS2d 567]—

In an action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an underlying action entitled *Sloper-Willen Comm. Ambulance Serv., Inc. v Fesko,* pending in the Supreme Court, Dutchess County, under Index No. 4322/01, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), entered June 2, 2003, which granted the defendant's motion for summary judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Dutchess County, for the entry of a judgment declaring that the defendant is not obligated to defend and indemnify the plaintiff in the underlying action.

The Supreme Court correctly concluded that the defendant, New York Central Mutual Fire Insurance Company, is not obligated to provide insurance coverage to the plaintiff in the underlying action. The policy contained a specific liability coverage exclusion for the vehicle that the plaintiff was driving at the time of the accident, which was not a "covered vehicle" as designated in the policy. The defendant, therefore, is not obligated to provide coverage (*see August v New York Cent. Mut. Fire Ins. Co.,* 98 NY2d 632 [2002]; *Jerge v Buettner,* 90 NY2d 950 [1997], *revg on dissent* 225 AD2d 294 [1996]).

Since this is a declaratory judgment action, we remit the mat-

ter to the Supreme Court, Dutchess County, for the entry of a judgment declaring that the defendant is not obligated to defend and indemnify the plaintiff in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Florio, J.P., Luciano, Townes and Fisher, JJ., concur.