■ In the Matter of MELVYN L. MEER, Appellant, v GEORGE BUGLIARELLO, as President of Polytechnic University, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to annul a determination by the respondents terminating his employment as an assistant professor of management with the Polytechnic University of New York, the petitioner appeals from a judgment of the Supreme Court, Kings County (Vaccaro, J.), entered April 8, 1988, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The Supreme Court dismissed the petition upon finding that the petitioner had not achieved tenure prior to the date he was notified of his termination and therefore failed to state a cause of action. We agree.

At the time of his commencement of employment with the respondent Polytechnic University of New York, the petitioner was provided with a copy of the "Agreement Between Polytechnic Institute of New York and American Association of University Professors Polytechnic Chapter" (hereinafter the agreement). The agreement stated, *inter alia,* that "[t]he Institute hereby adopts the 1940 Statement of Principles on Academic Freedom and Tenure * * * as a basis for the application of academic freedom and tenure principles to the Institute, subject to the specific implementation of such principles as set forth in this agreement". The petitioner premises his claim upon the provisions of the 1940 Statement. However, it is basic contract law that in order to avoid inconsistency and to harmonize apparently conflicting provisions of a contract, general words are deemed to be limited by particular restrictions *(see, Muzak Corp. v Hotel Taft Corp.,* 1 NY2d 42, 46). When there is inconsistency between specific and general provisions of a contract, the "specific provisions control"

*(Waldman v New Phone Dimensions,* 109 AD2d 702, 704). Therefore, the specific procedures regarding credit for prior service outlined in the agreement control over the general principles of the 1940 Statement *(see, Beitzell v Jeffrey,* 643 F2d 870; *Cusumano v Ratchford,* 507 F2d 980, 985, *cert denied* 423 US 829).

According to the pertinent provisions of the agreement, the petitioner's achieving tenure status depended on his either having sought and received credit for his prior service at another educational institution or, his serving seven years at the respondent University. The petitioner, admittedly, did not satisfy either requirement. "Where a university has published written procedures governing tenure, the legitimacy of a claim to tenure acquired *outside* those procedures is vitiated because there is no basis for mutuality" *(Scagnelli v Whiting,* 554 F Supp 77, 79). Finally, we note that de facto tenure cannot arise where there are formal written procedures governing tenure *(see, Sabet v East Va. Med. Auth.,* 775 F2d 1266, 1270). Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.