■ JOHN F. KEHOE, Respondent, v GEORGE SEGAL et al., Defendants and Third-Party Plaintiffs, and PAUL KELLOFF, Appellant. J.C. CONSTRUCTION MANAGEMENT CORPORATION, Third-Party Defendant. [709 NYS2d 817] —In an action to recover dam-

ages for personal injuries, the defendant Paul Kelloff appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated June 25, 1999, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

To hold a subcontractor or statutory agent of the owner or general contractor absolutely liable for violations of Labor Law §§ 240 and 241, there must be a showing that the subcontractor had the authority to supervise and control the work giving rise to these duties (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500; Russin v Picciano & Son, 54 NY2d 311, 318). The determinative factor on the issue of control is not whether a subcontractor furnishes equipment but whether it has control of the work being done and the authority to insist that proper safety practices be followed (see, Serpe v Eyris Prods., 243 AD2d 375, 380; Iveson v Sweet Assocs., 203 AD2d 741, 742). Similarly, liability against a subcontractor based upon a claimed violation of Labor Law § 200 and common-law negligence requires a showing that authority was conferred on the subcontractor to supervise and control the activity which produced the injury (see, Rizzuto v Wenger Contr. Co., 91 NY2d 343, 352; Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877; Russin v Picciano & Son, supra, at 317; Goettelman v Indeck Energy Servs., 262 AD2d 958; Rice v City of Cortland, 262 AD2d 770; Mocarska v 200 Madison Assocs., 262 AD2d 163).

Here, there exist issues of fact as to whether the defendant Paul Kelloff was a subcontractor of the third-party defendant, J.C. Construction Management Corporation, and whether he had the authority to exercise supervision and control over the activity which produced the plaintiff's injury. Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.