■ VINCENZO LOPES et al., Appellants, v INTERSTATE CONCRETE, INC., et al., Respondents. (And a Third-Party Action.) [741 NYS2d 73] —In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Pincus, J.), dated August 7, 2000, as granted the defendants' motion for summary judgment dismissing the causes of action based upon Labor Law §§ 200, 240 (1), and § 241 (6) and denied their cross motion for summary judgment on the issue of liability based on the Labor Law § 240 (1) cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Vincenzo Lopes (hereinafter the plaintiff) was an employee of Gotham Construction Corporation (hereinafter Gotham), the general contractor on a project involving the construction of a nursing home. The plaintiff commenced this action seeking to recover damages for personal injuries he sustained when he fell from a ladder. The ladder allegedly was built and controlled by the defendants, who were hired to perform concrete superstructure work pursuant to a subcontract with Gotham. Since the defendants were neither the general contractor nor the owner, they could be held liable to the plaintiff under Labor Law § 240 (1) and § 241 (6) only if they were established to be statutory agents upon a showing that they had the authority to control the activity which led to the plaintiff's injury (*see Russin v Picciano & Son,* 54 NY2d 311). A prerequisite for liability under Labor Law § 200 is that the party charged with the responsibility to provide a safe work place also have the authority to control the activity producing

the injury. Labor Law § 200 merely codified the common-law duty imposed on an owner or general contractor to provide construction site workers with a safe workplace (*see Russin v Picciano & Son, supra*).

We agree with the Supreme Court that the defendants established their entitlement to judgment as a matter of law on the ground that they did not exercise control over the plaintiff or his work for the general contractor. "The determinative factor on the issue of control is not whether a subcontractor furnishes equipment but whether he has control of the work being done and the authority to insist that proper safety practices be followed" (*Everitt v Nozkowski*, 285 AD2d 442, 443-444). Thus, the allegation that employees of the defendants built the ladder which caused the plaintiff's fall did not raise a triable issue of fact as to whether the defendants exercised sufficient authority and control over the work which brought about the plaintiff's injury (*see Kehoe v Segal*, 272 AD2d 583). The plaintiff's contentions that his work was directed and supervised by the defendants, and that the subcontract delegated the authority for overall safety on the job to the defendants, are unsupported by the record. Krausman, J.P., Luciano, Adams and Townes, JJ., concur.