MIKHAIL ZERVOS et al., Respondents, v CITY OF NEW YORK et al., Appellants. [779 NYS2d 106]—

478

In an action to recover damages for personal injuries, etc., the defendant City of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Mega, J.), dated September 16, 2002, as denied those branches of its motion which were for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action insofar as asserted against it, and the defendants Board of Education of the City of New York, New York City School Construction Authority, Beys Contracting, Inc., and Duka's Roofing Corp. separately appeal, as limited by their brief, from so much of the same order as denied those branches of their motion which were for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action insofar as asserted against them and as denied those branches of their motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against the defendant Beys Contracting, Inc., and Duka's Roofing Corp.

Ordered that the appeal by the defendants Board of Education of the City of New York and New York City Construction Authority from so much of the order as denied those branches of the motion of the defendants Board of Education of the City of New York, New York City Construction Authority, Beys Contracting, Inc., and Duka's Roofing Corp. which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted

against the defendants Beys Contracting, Inc., and Duka's Roofing Corp. is dismissed, as the defendants Board of Education of the City of New York and New York City Construction Authority were not aggrieved by that portion of the order (see CPLR 5511); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Board of Education of the City of New York, New York City School Construction Authority, Beys Contracting, Inc., and Duka's Roofing Corp. which was for summary judgment dismissing the complaint insofar as asserted against the defendant Duka's Roofing Corp. and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, the complaint is dismissed insofar as asserted against Duka's Roofing Corp., and the action against the remaining defendants is severed.

The injured plaintiff, Mikhail Zervos, was employed by OBR Construction Corp., which contracted with the defendant Beys Contracting, Inc. (hereinafter Beys), to perform window renovation work at a public school located on Staten Island. The defendant City of New York owned, and the defendant Board of Education of the City of New York (hereinafter the Board) operated, the premises. Beys was awarded the contract to perform renovation work at the premises by the defendant New York City School Construction Authority (hereinafter the SCA). Beys subcontracted with the defendant Duka's Roofing Corp. (hereinafter Duka's) to perform roofing renovation, and with another subcontractor to perform masonry renovation.

On the date of the accident, the injured plaintiff was assigned to paint the exterior window trim of a school building. Three-story scaffolding surrounded the building. There was a narrow space, 6- to 10-inches wide, between the scaffolding and the building. The injured plaintiff was on a stepladder under the scaffold painting the bottom part of the first-floor windows. While working with his head down, he allegedly was struck by a piece of brick which fell from above through the narrow space between the scaffold and the building. According to the injured plaintiff, about half an hour before the accident, small pieces of cement and bricks fell from the roof in the same manner, without hitting anyone. He complained to a coworker, who yelled up to the roof, asking the workers above to stop dropping debris.

The injured plaintiff and his wife commenced this action against the City, the Board, the SCA, Beys, and Duka's, alleging violations of Labor Law §§ 200, 240 (1), § 241 (6), and common-

law negligence. The Board, the SCA, Beys, and Duka's moved, and the City separately moved, for summary judgment dismissing the complaint. By order dated September 16, 2002, the Supreme Court granted those branches of the motions which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against the City, the Board, and the SCA, and denied the motions in all other respects.

Contrary to the defendants' contentions, with the exception of Duka's, the Supreme Court properly denied those branches of the motions which were for summary judgment dismissing the Labor Law § 240 (1) cause of action. "To come within the ambit of the statute, the injured plaintiff must show that an object fell 'while being hoisted or secured, *because of* the absence or inadequacy of a safety device of the kind enumerated in the statute' " (*O'Donoghue v New York City School Constr. Auth.,* 1 AD3d 333, 335 [2003], quoting *Narducci v Manhasset Bay Assoc.,* 96 NY2d 259, 268 [2001]; *see* Labor Law § 240 [1]). In support of his claims, the injured plaintiff submitted an affidavit of his coworker, Joe Crudo. Crudo stated in his affidavit that shortly before the accident, he observed that the people working on the roof were using a rope and a five-gallon bucket to hoist bricks onto the roof, and he observed that at least one brick fell as the bucket was being hoisted up. The affidavit was sufficient to raise a triable issue of fact as to whether the safety devices used to hoist materials at the job site were adequate (*see Rios v 474431 Assoc.,* 278 AD2d 399 [2000]; *Cosgriff v Manshul Constr. Corp.,* 239 AD2d 312 [1997]; *see also Miller v Long Is. Light. Co.,* 166 AD2d 564 [1990]; *Kalofonos v State of New York,* 104 AD2d 75 [1984]).

Moreover, again with the exception of the defendant Duka's, the Supreme Court properly denied those branches of the motions which were for summary judgment dismissing the Labor Law § 241 (6) cause of action. The plaintiffs alleged violations of Industrial Code § 23-1.7 (a) (1) and § 23-5.1 (i) (12 NYCRR 23-1.7 [a] [1]; 23-5.1 [i]). Both sections set forth specific standards for planking required for overhead protection at work places, sufficient to sustain a cause of action under Labor Law § 241 (6) (*see Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494 [1993]; *O'Hare v City of New York,* 280 AD2d 458 [2001]), and are applicable to the facts of this case (*see Belcastro v Hewlett-Woodmere Union Free School Dist. No. 14,* 286 AD2d 744 [2001]).

Furthermore, the Supreme Court properly denied that branch of the motion which was for summary judgment dismissing the

Labor Law § 200 and common-law negligence causes of action as asserted against the general contractor, Beys. The evidence raised an issue of fact as to Beys's supervision and control over the construction of the scaffold and sidewalk bridge sufficient to avoid summary judgment dismissing the plaintiffs' Labor Law § 200 and common-law negligence causes of action (*see Ross v Curtis-Palmer Hydro-Elec Co., supra; Lagzdins v United Welfare Fund-Sec. Div. Marriott Corp.,* 77 AD2d 585 [1980]).

As the plaintiffs' counsel correctly conceded at oral argument of this appeal, the Supreme Court erred in denying those branches of the motion which were for summary judgment dismissing the complaint insofar as asserted against the defendant Duka's. Labor Law §§ 200, 240, and 241 liability cannot be assessed against a subcontractor who did not control the work that caused the plaintiff's injury (*see Russin v Picciano & Son,* 54 NY2d 311 [1981]; *Lopes v Interstate Concrete,* 293 AD2d 579 [2002]; *Kehoe v Segal,* 272 AD2d 583 [2000]). The defendants submitted admissible evidence showing that Duka's did not supervise or control the work that allegedly caused the accident. In opposition to the defendants' prima facie showing of entitlement to summary judgment (*see* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]; *see also Russin v Picciano & Son, supra; Lopes v Interstate Concrete, supra; Kehoe v Segal, supra*), the plaintiffs failed to raise a triable issue of fact. Therefore, the order is modified accordingly. Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.