■ SHERRY ROMANG, Appellant, v WELSBACH ELECTRIC CORPORATION, Respondent, et al., Defendant. [852 NYS2d 144]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), entered October 3, 2006, which granted the motion of the defendant Welsbach Electric Corporation for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

Labor Law § 200 codifies the common-law duty of an owner or employer to provide employees with a safe place to work (*see Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505 [1993]; *Jock v Fien,* 80 NY2d 965, 967 [1992]; *Smith v 499 Fashion Tower, LLC,* 38 AD3d 523, 524 [2007]; *Brown v Brause Plaza, LLC,* 19 AD3d 626, 628 [2005]; *Linares v United Mgt. Corp.,* 16 AD3d 382, 384 [2005]). This provision applies to owners, contractors, and their agents (*see Paladino v Society of N.Y. Hosp.,* 307 AD2d 343, 344-345 [2003]; *Yong Ju Kim v Herbert Constr. Co.,* 275 AD2d 709, 712-713 [2000]). "[L]iability against a subcontractor based upon a claimed violation of Labor Law § 200 and common-law negligence requires a showing that authority was conferred on the subcontractor to supervise and control the activity which produced the injury" (*Kehoe v Segal,* 272 AD2d 583, 584 [2000]; *see Rizzuto v L.A. Wenger Contr. Co.,* 91 NY2d 343, 352 [1998]; *Lopes v Interstate Concrete,* 293 AD2d 579, 580 [2002]).

Here, in opposition to the prima facie showing of the defendant Welsbach Electric Corporation (hereinafter the defendant) of entitlement to judgment as a matter of law with respect to the common-law negligence and Labor Law § 200 causes of action insofar as asserted against it, the plaintiff failed to raise a triable issue of fact as to whether the defendant exercised sufficient control over the activity which brought about her injury (*see Zervos v City of New York,* 8 AD3d 477, 481 [2004]; *Lopes v Interstate Concrete,* 293 AD2d at 580; *Ryder v Mount Loretto Nursing Home,* 290 AD2d 892, 894 [2002]). Accordingly, the Supreme Court correctly granted the defendant's motion for summary judgment dismissing those causes of action insofar as asserted against it.

Further, contrary to the plaintiff's contention, the defendant's subcontract agreement with nonparty Modern Continental Construction Company, Inc. (hereinafter Modern), is neither ambiguous nor contradictory (*see Muzak Corp. v Hotel Taft Corp.*, 1 NY2d 42, 46 [1956]; *Sumitomo Bank of N.Y. Trust Co. v Town of N. Hempstead*, 278 AD2d 402, 404 [2000]; *Aguirre v City of New York*, 214 AD2d 692, 693-694 [1995]; *Matter of Meer v Bugliarello*, 147 AD2d 568, 568-569 [1989]). Moreover, the exclusion provision in the subcontract agreement, which, inter alia, specifically excludes the defendant from any obligations related to excavations, such as the hole into which the plaintiff fell, is not against public policy, as it does not authorize indemnification for Modern's own negligence (*cf.* General Obligations Law § 5-322.1; *Brooks v Judlau Contr., Inc.*, 39 AD3d 447, 449-450 [2007]).

Summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action was also properly awarded to the defendant since the plaintiff's work at the time of the accident was wholly unrelated to an elevation-related hazard and therefore not within the purview of Labor Law § 240 (1) (*see Aquilino v E.W. Howell Co., Inc.*, 7 AD3d 739, 740 [2004]; *Edwards v C & D Unlimited*, 289 AD2d 370, 372 [2001]), and the Industrial Code regulations upon which the plaintiff relies for her Labor Law § 241 (6) cause of action (12 NYCRR 23-3.3 [j] [2]; 23-1.7 [b] [1]) are inapplicable under the circumstances (*compare Davidson v E.Q.K. Green Acres*, 298 AD2d 546, 547 [2002], *with Payne v City of New Rochelle*, 40 AD3d 608, 609 [2007]). Fisher, J.P., Lifson, Covello and McCarthy, JJ., concur. [*See* 13 Misc 3d 1218(A), 2006 NY Slip Op 51904(U).]