■ FERNANDO RAMOS, Respondent, v PATCHOGUE-MEDFORD SCHOOL DISTRICT et al., Appellants-Respondents, and PUMP IT, INC., Defendant/Third-Party Plaintiff-Appellant. EAST END CONCRETE, Third-Party Defendant-Appellant-Respondent. [906 NYS2d 45]—

In an action to recover damages for personal injuries, the defendants Patchogue-Medford School District, Pav-Lak Contracting, Inc., and Park East Construction Corp., and the third-party defendant, East End Concrete, appeal from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated July 21, 2009, as denied those branches of their motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against the defendants Patchogue-Medford School District, Pav-Lak Contracting, Inc., and Park East Construction Corp. and for summary judgment in favor of the third-party defendant, East End Concrete, dismissing that cause of action in its entirety, and the defendant/third-party plaintiff, Pump It, Inc., cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint and all cross claims and counterclaims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed and

cross-appealed from, on the law, those branches of the motion of the defendants Patchogue-Medford School District, Pav-Lak Contracting, Inc., Park East Construction Corp., and the third-party defendant, East End Concrete, which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against the defendants Patchogue-Medford School District, Pav-Lak Contracting, Inc., and Park East Construction Corp. and in favor of the third-party defendant, East End Concrete, dismissing that cause of action in its entirety, are granted, and the cross motion of the defendant Pump It, Inc., for summary judgment dismissing the complaint and all cross claims and counterclaims insofar as asserted against it is granted; and it is further,

Ordered that one bill of costs is awarded to the defendants Patchogue-Medford School District, Pav-Lak Contracting, Inc., Park East Construction Corp., and the third-party defendant, East End Concrete, and the defendant/third-party plaintiff Pump It, Inc., appearing separately and filing separate briefs, payable by the plaintiff.

"Labor Law § 200 codifies the common-law duty of an owner or employer to provide employees with a safe place to work" (*Romang v Welsbach Elec. Corp.*, 47 AD3d 789, 789 [2008]; *see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]). "This provision applies to owners, contractors, and their agents" (*Romang v Welsbach Elec. Corp.*, 47 AD3d at 789). Where, as here, the accident occurred as a consequence of the means and methods of the work, "liability against a subcontractor based upon a claimed violation of Labor Law § 200 and common-law negligence requires a showing that authority was conferred on the subcontractor to supervise and control the activity which produced the injury" (*Kehoe v Segal*, 272 AD2d 583, 584 [2000]).

Pump It, Inc., established its entitlement to judgment as a matter of law with respect to the plaintiff's common-law negligence and Labor Law § 200 causes of action by demonstrating that it was a subcontractor, and that it lacked authority to supervise and control the activity which produced the injury (*id.*). In opposition to this showing, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Labor Law § 241 (6) requires contractors, owners, and agents "to provide reasonable and adequate protection and safety for workers and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor" (*Ross v Curtis-Palmer Hydro-Electric Co.*, 81 NY2d at

501-502 [internal quotation marks omitted]). "[T]o establish liability under Labor Law § 241 (6), a plaintiff must demonstrate that the defendant's violation of a specific rule or regulation was a proximate cause of the accident" (*Seaman v Bellmore Fire Dist.*, 59 AD3d 515, 516 [2009]). 12 NYCRR 23-9.2 (a) provides that "[a]ll power-operated equipment shall be maintained in good repair and in proper operating condition . . . Upon discovery, any structural defect or unsafe condition in such equipment shall be corrected by necessary repairs or replacement . . . Any servicing or repairing of such equipment shall be performed only while such equipment is at rest."

All of the defendants established their prima facie entitlement to judgment as a matter of law with respect to the Labor Law § 241 (6) cause of action by demonstrating that they lacked notice of any structural defect or unsafe condition in the power-operated concrete pump truck near which the plaintiff was working at the time of his accident (*id.*; *see Misicki v Caradonna*, 12 NY3d 511, 520-521 [2009]). In opposition to this showing, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d at 562).

Accordingly, the Supreme Court should have awarded summary judgment dismissing the Labor Law § 241 (6) cause of action in its entirety, and should have awarded summary judgment to the defendant Pump It, Inc., dismissing the complaint and all cross claims and counterclaims insofar as asserted against it. Mastro, J.P., Covello, Eng and Belen, JJ., concur.