■ DARIO TEMPERINO, Respondent, v DRA, INC., Defendant/Third-Party Plaintiff-Respondent, ROCKEFELLER UNIVERSITY, Defendant/Third-Party Plaintiff/Second Third-Party Plaintiff-Respondent, and M & J MECHANICAL CORP., Defendant/Third-Party Defendant-Respondent, et al., Defendant. GLORON AGENCY, INC., Third-Party Defendant/Second Third-Party Defendant-Appellant; RUTGERS CASUALTY INSURANCE Co., Third-Party Defendant-Respondent, et al., Second Third-Party Defendants. [904 NYS2d 767]—

In an action to recover damages for personal injuries, the third-party defendant/second third-party defendant, Gloron Agency, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Ambrosio, J.), dated December 1, 2008, as denied its cross motion, in effect, for summary judgment dismissing the complaint insofar as asserted against the defendant/third-party plaintiff, DRA, Inc., dismissing all cross claims of the defendant/third-party plaintiff/second third-party plaintiff, Rockefeller University, asserted against the defendant/third-party plaintiff, DRA, Inc., and for summary judgment on the third-party claim of the defendant/third-party plaintiff, DRA, Inc., against the third-party defendant Rutgers Casualty Insurance Co.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the cross motion of the third-party defendant/second third-party defendant, Gloron Agency, Inc., which were, in effect, for summary judgment dismissing the complaint insofar as asserted against the defendant/third-party plaintiff, DRA, Inc., and dismissing the cross claim of the defendant/third-party plaintiff/second third-party plaintiff, Rockefeller University, asserted against the defendant/third-party plaintiff, DRA, Inc., and substituting therefor provisions granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant/third-party plaintiff, DRA, Inc. (hereinafter DRA), contracted with the defendant/third-party plaintiff/second third-party plaintiff, Rockefeller University (hereinafter the University), to perform carpentry work as part of the University's renovation of one of its buildings. The plaintiff, an electrician, allegedly was injured when he fell from a ladder during the course of his work on the renovation project. DRA moved for summary judgment dismissing the complaint insofar as asserted against it and all cross claims asserted against it by the University, and for summary judgment on its claim against the third-party defendant Rutgers Casualty Insurance Co. The complaint alleged claims sounding in common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). The third-party defendant/second third-party defendant, Gloron Agency, Inc. (hereinafter Gloron), cross-moved, among other things, in effect, for summary judgment dismissing the complaint and all cross claims insofar as asserted against DRA, and thereupon, to dismiss the second third-party complaint insofar as asserted against it as academic. In Gloron's supporting attorney affirmation, it adopted and incorporated DRA's arguments and, in effect, sought the same relief as DRA. The Supreme Court, inter alia, denied DRA's motion and Gloron's cross motion. Gloron appeals the denial of its cross motion, essentially standing in DRA's shoes vis-à-vis the plaintiff and the University (see CPLR 1008).

"Labor Law § 240 (1) imposes a nondelegable duty upon owners, contractors, or their agents to provide proper protection to a worker performing certain types of construction work" (*Aversano v JWH Contr., LLC*, 37 AD3d 745, 746 [2007]). "A general contractor will be held liable under [Labor Law § 240 (1)] if it was responsible for coordinating and supervising the entire construction project and was invested with a concomitant power to enforce safety standards and to hire responsible contractors"

(*id.*). In order to hold a contractor such as DRA "absolutely liable for violations of Labor Law §§ 240 and 241, there must be a showing that [it] had the authority to supervise and control the work giving rise to these duties" (*Kehoe v Segal*, 272 AD2d 583, 584 [2000]). "The determinative factor on the issue of control is not whether a subcontractor furnishes equipment but whether it has control of the work being done and the authority to insist that proper safety practices be followed" (*id.*; *see Everitt v Nozkowski*, 285 AD2d 442, 443 [2001]).

Here, the record established that DRA was not a general contractor or a statutory agent for purposes of liability under Labor Law § 240 (1) and § 241 (6). Rather, the record showed that the University, not DRA, selected, paid, and coordinated the contractors, scheduled and monitored the work, ensured that its safety guidelines were followed, and retained the authority to stop the work. In opposition, the plaintiff failed to show the existence of a triable issue of fact. Accordingly, DRA was entitled to summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) claims insofar as asserted against it (*see Aversano v JWH Contr., LLC*, 37 AD3d at 746; *Kehoe v Segal*, 272 AD2d at 584).

Additionally, DRA was entitled to summary judgment dismissing the Labor Law § 200 and common-law negligence claims insofar as asserted against it. At his deposition, Alexander Kogan, the University's associate vice-president for plant operations, testified that there were no complaints about, inter alia, debris or sawdust in the construction area, and that DRA did a good job of cleaning up. DRA's owner, Richard J. Arrabito, testified that DRA cleaned up the dust it created as it was doing its work. Additionally, the plaintiff's deposition testimony indicated that the ladder he was using at the time of his accident belonged to the defendant Olympic Plumbing & Heating Services, Inc. The plaintiff also testified that the room he was working in "looked clear, clean," and that any sand or dust which might have caused the ladder to sway or slip came from sandblasting rather than carpentry. This established that DRA did not create the condition complained of (*see Chowdhury v Rodriguez*, 57 AD3d 121 [2008]). In opposition, the plaintiff failed to show the existence of a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The above recounted testimony was sufficient to make a prima facie showing that DRA had no responsibility for the plaintiff's injuries. Since, in response, the University failed to show the existence of a triable issue of fact, its cross claims seeking indemnification against DRA should also have been dismissed (*id.*).

The parties' remaining contentions are without merit. Rivera, J.P., Florio, Angiolillo and Lott, JJ., concur.