In an action to recover damages for personal injuries, etc., and a related action to recover damages for personal injuries, the plaintiff Jimmy Rivera appeals, as limited by his brief, from so much of an order of the Supreme Court, Kangs County (Bunyan, J.), dated October 20, 2008, as granted those branches of the motion of 15 Broad Street, LLC, 15 Broad, LLC, and Alisa Contracting Co., Inc., defendants in action No. 1, which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241 (6) insofar as asserted against them, and granted those branches of the motion of Pace Plumbing Corp., the defendant in action No. 2, which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241 (6) insofar as asserted against it.
Ordered that the order is affirmed insofar as appealed from, with costs.
The issue of whether the machine the plaintiff Jimmy Rivera (hereinafter the plaintiff) was operating, a “core drilling machine” or “core borer,” was a “hand tool” within the meaning of 12 NYCRR 23-1.10 (b) (1) is a question of law for the court (see Szafranski v Niagara Frontier Transp. Auth., 5 AD3d 1111, 1113 [2004]). The Supreme Court correctly concluded that 12 NYCRR 23-1.10 (b) (1) was inapplicable to the machine the plaintiff was operating (id; see Messina v City of New York, 300 AD2d 121, 123 [2002]; Penta v Related Cos., 286 AD2d 674, 675 [2001]). Accordingly, the Supreme Court properly granted those branches of the motions which were to dismiss the plaintiff’s cause of action pursuant to Labor Law § 241 (6) insofar as asserted against the movants.
Where, as here, a plaintiffs injuries result from the methods of his or her work, as opposed to a dangerous condition at the work site, recovery against the owner or general contractor cannot be had under Labor Law § 200 unless it is shown that the party to be charged had the authority to supervise or control the performance of the work (see McKee v Great Atl. & Pac. Tea Co., 73 AD3d 872 [2010]; Ortega v Puccia, 57 AD3d 54, 61 [2008]). The owners, the respondents 15 Broad Street, LLC, and *623 15 Broad, LLC, as well as the general contractor, the respondent Alisa Contracting Co., Inc., satisfied their respective burdens of establishing their prima facie entitlement to judgment as a matter of law by demonstrating that they did not have the authority to exercise supervisory control over the plaintiffs work (see McKee v Great Atl. & Pac. Tea Co., 73 AD3d 872 [2010]; Quilliams v Half Hollow Hills School Dist. [Candlewood School], 67 AD3d 763, 765 [2009]; Cambizaca v New York City Tr. Auth., 57 AD3d 701, 701-702 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court properly granted those branches of the motion of the owners and general contractor which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them.
The Supreme Court also properly granted those branches of the motion of the respondent Pace Plumbing Corp. (hereinafter Pace), the defendant in action No. 2, which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it. Pace established its prima facie entitlement to judgment as a matter of law by demonstrating that it was a subcontractor, and that it lacked authority to supervise and control the activity that produced the injury (see Ramos v Patchogue-Medford School Dist., 73 AD3d 1010 [2010]; Kehoe v Segal, 272 AD2d 583, 584 [2000]). In opposition, the plaintiff failed to raise a triable issue of fact (see Ramos v Patchogue-Medford School Dist., 73 AD3d 1010 [2010]; see generally Zuckerman v City of New York, 49 NY2d at 562). Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.