■ EDWARD HERREL, Respondent, v DANIEL WEST, Defendant, and HARTLAND BUILDING AND REMODELING CORPORATION, Appellant. [919 NYS2d 83]—

The plaintiff, a roofer, allegedly was injured when he slipped and fell off of a roof while working at a single-family home without any safety equipment. The home was owned by Christine West. The plaintiff subsequently commenced this action against Christine's husband, Daniel West, and Hartland Building and Remodeling Corporation (hereinafter Hartland), a corporation owned by the Wests, alleging violations of Labor Law § 240 (1); § 241 (6) and § 200 (1), as well as common-law negligence. The Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against Hartland, and denied Hartland's cross motion for summary judgment dismissing the complaint insofar as asserted against it. We reverse the order insofar as appealed from.

To hold Hartland liable as an agent of the owner for violations of Labor Law § 240 (1) and § 241 (6), there must be a showing that it had the authority to supervise and control the work (see Bakhtadze v Riddle, 56 AD3d 589, 590 [2008]; Domino v Professional Consulting, Inc., 57 AD3d 713, 714-715 [2008]; Ferrero v Best Modular Homes, Inc., 33 AD3d 847, 850 [2006]). "The determinative factor is whether the party had 'the right

to exercise control over the work, not whether it actually exercised that right' " (*Bakhtadze v Riddle*, 56 AD3d at 590, quoting *Williams v Dover Home Improvement*, 276 AD2d 626, 626 [2000]). Similarly, "[w]hen a claim arises out of alleged defects or dangers in the methods or materials of the work, recovery against the owner or general contractor cannot be had under Labor Law § 200 unless it is shown that the party to be charged had the authority to supervise or control the perform-ance of the work" (*McKee v Great Atl. & Pac. Tea Co.*, 73 AD3d 872, 874 [2010]). Here, the evidence submitted by the parties demonstrated that Hartland neither supervised the plaintiff nor controlled his work, nor had the right to supervise or control the work. Further, the plaintiff's employer, Winkiel Corporation, had an agreement with Daniel West in his individual capacity and not with Hartland, to do roofing work on his wife's home. The plaintiff's employer supplied the equipment and materials, and instructed the plaintiff as to how to perform his work. Thus, Hartland established, as a matter of law, that it did not have the authority to supervise and control the plaintiff's work and that it was not the agent of the owner Christine West.

In opposition to Hartland's prima facie showing, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against Hartland and granted Hartland's cross motion for summary judgment dismissing the complaint insofar as asserted against it. Angiolillo, J.P., Florio, Leventhal and Miller, JJ., concur.