■ RONALD CAIAZZO, JR., Appellant-Respondent, v MARK JOSEPH CONTRACTING, INC., et al., Respondents-Appellants. [990 NYS2d 529]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated October 1, 2012, as granted those branches of the motion of the defendant Mark Joseph Contracting, Inc., which were for summary judgment dismissing so much of the complaint as alleged violations of Labor Law §§ 200, 240 (1) and 241 (6) insofar as asserted against it and granted those branches of the cross motion of the defendants Julia Coen and Anna Reyes which were for summary judgment dismissing so much of the complaint as alleged violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against the defendant Julia Coen, the defendant Mark Joseph Contracting, Inc., cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was for summary judgment dismissing so much of the complaint as alleged common-law negligence insofar as asserted against it, and the defendants Julia Coen and Ana Reyes separately cross-appeal, as limited by their brief, from so much of the same order as denied those branches of their cross motion which were for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 200 and common-law negligence insofar as asserted against the defendant Julia Coen.

Ordered that the order is affirmed insofar as appealed from and insofar as cross-appealed from by the defendants Julia Coen and Ana Reyes; and it is further,

Ordered that the order is reversed insofar as cross-appealed from by the defendant Mark Joseph Contracting, Inc., and that branch of the motion of that defendant which was for summary judgment dismissing so much of the complaint as alleged common-law negligence insofar as asserted against it is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant Mark Joseph Contracting, Inc., payable by the plaintiff.

The plaintiff alleged that he was injured while installing an air conditioning system in a newly constructed extension at a house owned by the defendant Julia Coen and occupied, in part, by her daughter Ana Reyes. According to the plaintiff, Julia Coen hired the defendant Mark Joseph Contracting, Inc. (hereinafter Mark Joseph Contracting), to construct the extension

and hired the plaintiff's employer to install the central air conditioning system. The plaintiff alleged in his complaint and at his deposition that, as he was stepping out of the house through an open and elevated doorway, he fell when a wooden spool, which had been used by other workers as a makeshift step, gave way. The plaintiff alleged violations of Labor Law §§ 200, 240 (1) and 241 (6), and common-law negligence.

Labor Law § 240 (1) imposes a nondelegable duty upon owners and general contractors and their agents to provide safety devices necessary to protect workers from risks inherent in elevated work sites (see McCarthy v Turner Constr., Inc., 17 NY3d 369, 374 [2011]). Labor Law § 241 (6) requires that owners and contractors and their agents "provide reasonable and adequate protection and safety" for workers and comply with specific safety rules and regulations promulgated by the Commissioner of the New York State Department of Labor (Labor Law § 241 [6]; see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-502 [1993]). A general contractor may be held liable under Labor Law §§ 240 (1) and 241 (6) if it was "responsible for coordinating and supervising the entire construction project and was invested with a concomitant power to enforce safety standards and to hire responsible contractors" (Temperino v DRA, Inc., 75 AD3d 543, 544 [2010] [internal quotation marks omitted]; Aversano v JWH Contr., LLC, 37 AD3d 745 [2007]; Kulaszewski v Clinton Disposal Servs., 272 AD2d 855 [2000]). Moreover, a contractor may be held liable as an agent of the owner, where it had the authority to supervise and control the work at issue (see Herrel v West, 82 AD3d 933 [2011]; Bakhtadze v Riddle, 56 AD3d 589 [2008]).

Here, the Supreme Court properly concluded that Mark Joseph Contracting established its prima facie entitlement to judgment as a matter of law dismissing the Labor Law §§ 240 (1) and 241 (6) causes of action insofar as asserted against it by demonstrating that it was neither a general contractor nor an agent of the owner with regard to the plaintiff's work (see Herrel v West, 82 AD3d 933 [2011]; Kilmetis v Creative Pool & Spa, Inc., 74 AD3d 1289 [2010]; Temperino v DRA, Inc., 75 AD3d 543 [2010]; Aversano v JWH Contr., LLC, 37 AD3d 745 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).

Labor Law § 200 codifies the common-law duty of an owner or general contractor to provide construction site workers with a safe place to work (see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]). Where, as here, the plaintiff's accident arose out of a dangerous condition at the work site, a

contractor may be held liable in common-law negligence and under Labor Law § 200 if it had control over the work site and actual or constructive notice of the dangerous condition (*see Doxey v Freeport Union Free Sch. Dist.*, 115 AD3d 907 [2014]; *Hartshorne v Pengat Tech. Inspections, Inc.*, 112 AD3d 888 [2013]; *White v Village of Port Chester*, 92 AD3d 872 [2012]).

Here, Mark Joseph Contracting established its prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it by demonstrating that it did not have control over the work site (*see Hartshorne v Pengat Tech. Inspections, Inc.*, 112 AD3d 888 [2013]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). Although it is disputed as to whether Mark Joseph Contracting constructed the door through which the plaintiff was exiting at the time of his accident, and whether other employees used the wooden spool to enter and exit the premises, the Supreme Court erred in concluding that Mark Joseph Contracting could be held liable to the plaintiff for common-law negligence by virtue of creating a "dangerous condition" consisting of a doorway without access steps or stairs, inasmuch it was not hired to build any exterior stairway (*Miano v Skyline New Homes Corp.*, 37 AD3d 563 [2007]; *see Church v Callanan Indus.*, 99 NY2d 104 [2002]). Accordingly, the Supreme Court properly granted those branches of Mark Joseph Contracting's motion which were for summary judgment dismissing so much of the complaint as alleged violations of Labor Law §§ 200, 240 (1) and 241 (6) insofar as asserted against it, but erred in denying that branch of its motion which was for summary judgment dismissing so much of the complaint as alleged common-law negligence insofar as asserted against that defendant.

Labor Law §§ 240 (1) and 241 (6), specifically exempt "owners of one and two-family dwellings who contract for but do not direct or control the work." A determination as to whether the exemption applies in a particular case turns on the nature of the site and the purpose of the work being performed, and must be based on the owner's intentions at the time of the injury (*see Lenda v Breeze Concrete Corp.*, 73 AD3d 987 [2010]; *Allen v Fiori*, 277 AD2d 674 [2000]; *see also Khela v Neiger*, 85 NY2d 333 [1995]).

Here, the Supreme Court properly concluded that Julia Coen and Ana Reyes established their prima facie entitlement to judgment as a matter of law dismissing the Labor Law §§ 240 (1) and 241 (6) causes of action insofar as asserted against Coen by

demonstrating that the premises were improved by a one- or two-family dwelling, and that Coen did not direct or control the work being performed (*see Parise v Green Chimneys Children's Servs., Inc.*, 106 AD3d 970 [2013]; *Tomecek v Westchester Additions & Renovations, Inc.*, 97 AD3d 737 [2012]; *Nai Ren Jiang v Shane Yeh*, 95 AD3d 970 [2012]; *see also Stejskal v Simons*, 3 NY3d 628 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

Since the plaintiff's accident arose out of a dangerous condition at the work site, liability for a violation of Labor Law § 200 and common-law negligence could only be imposed on Coen, as the property owner, if Coen created the condition or had actual or constructive notice of it and failed to remedy the condition within a reasonable amount of time (*see Doxey v Freeport Union Free Sch. Dist.*, 115 AD3d 907 [2014]; *White v Village of Port Chester*, 92 AD3d 872 [2012]).

Here, the Supreme Court properly concluded that Coen and Reyes failed to establish their prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against Coen, as they failed to eliminate all triable issues of fact as to whether Coen had actual or constructive notice of a dangerous condition on the premises and failed to remedy that condition within a reasonable amount of time (*see White v Village of Port Chester*, 92 AD3d 872 [2012]; *Reilly-Geiger v Dougherty*, 85 AD3d 1000 [2011]; *Aguilera v Pistilli Constr. & Dev. Corp.*, 63 AD3d 763 [2009]).

Accordingly, the Supreme Court properly granted those branches of the cross motion of Coen and Reyes which were for summary judgment dismissing so much of the complaint as alleged violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against Coen, and properly denied those branches of that cross motion which were for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 200 and common-law negligence insofar as asserted against that defendant.

In light of our determination, we need not reach the parties' remaining contentions. Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.