Romero v Bangiyeb (2019 NY Slip Op 09048)





Romero v Bangiyeb


2019 NY Slip Op 09048


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
JOHN M. LEVENTHAL
LINDA CHRISTOPHER, JJ.


2017-03641
2017-04199
 (Index No. 700928/13)

[*1]Fredy Felipe Ojeda Romero, appellant, 
v
Arkadiy Bangiyeb, respondent.


Saftler & Bacher, PLLC, New York, NY (James W. Bacher of counsel), for appellant.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Lorin A. Donnelly of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Leonard Livote, J.), entered April 7, 2017, and (2) an order of the same court also entered April 7, 2017. The first order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1). The second order denied, as academic, the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the first order is affirmed insofar as appealed from; and it is further,
ORDERED that the second order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
In September 2012, the plaintiff allegedly was injured while installing exterior molding on a building owned by the defendant. The plaintiff was climbing through an attic window onto the wet roof to secure molding when his foot slipped on the roof and he fell to the ground. The plaintiff was an employee of a contractor hired by the defendant to perform the work. In March 2013, the plaintiff commenced this action against the defendant to recover damages for personal injuries, alleging, inter alia, a violation of Labor Law § 240(1). Subsequently, the plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), and the defendant moved, among other things, for summary judgment dismissing that cause of action.
In an order entered April 7, 2017, the Supreme Court, inter alia, granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1). In a second order entered April 7, 2017, the court denied, as academic, the plaintiff's motion for summary judgment on the issue of liability on that cause of action. The plaintiff appeals.
Labor Law § 240(1) expressly exempts from liability "owners of one and two-family [*2]dwellings who contract for but do not direct or control the work" (see Rodriguez v Mendlovits, 153 AD3d 566, 567). In order to establish the applicability of the exemption, a defendant must show that (1) the work was conducted at a one-family or two-family residence, and (2) the owner did not direct or control the work being performed (see Abdou v Rampaul, 147 AD3d 885, 886). Where a one-family or two-family residence has both commercial and residential uses, whether the exemption applies depends on whether "the site and purpose of the work" relates to the owner's residential use of the property (Khela v Neiger, 85 NY2d 333, 337; see Bartoo v Buell, 87 NY2d 362, 368). Whether the work being performed relates to residential or commercial use "must be based on the owner's intentions at the time of the injury" (Caiazzo v Mark Joseph Contr., Inc., 119 AD3d 718, 721).
Here, the defendant established, prima facie, inter alia, that he and his family intended to reside at the premises after the renovations were completed and, thus, that the exemption applied (see id. at 721). In opposition, the plaintiff failed to raise a triable issue of fact. He did not submit evidence in support of his contention that the premises had only commercial use and was never intended for residential use by the defendant (see Bartoo v Buell, 87 NY2d at 368; Khela v Neiger, 85 NY2d at 337). Even assuming that the defendant's criminal forfeiture of the premises established that the premises had a commercial use, the exemption would still apply because the defendant demonstrated that the work was related to the residential use of the premises (see Bartoo v Buell, 87 NY2d at 367-368; Caiazzo v Mark Joseph Contr., Inc., 119 AD3d at 721). In addition, it is undisputed that the defendant did not direct or control the plaintiff's work.
Accordingly, we agree with the Supreme Court's determination granting that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1), and denying, as academic, the plaintiff's motion for summary judgment on the issue of liability on that cause of action.
MASTRO, J.P., CHAMBERS, LEVENTHAL and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court